WALKER FRAMES, A DIVISION OF B.P. LAND DEVELOPMENT, INC., PLAINTIFF v. WILLIAM RAY SHIVELY AND DEWEY LESTER SHIVELY, DEFENDANTS

No. COA95-688

(Filed 20 August 1996)

**Trial § 227 (NCI4th)— voluntary dismissal—claim for damages made by subsequent motion—granting of claim error**

Defendants could not assert a claim for damages for wrongful claim and delivery in a motion after plaintiff, through counsel, had already taken a voluntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(a). Though plaintiff might be subject to disability due to its failure to prosecute its action after taking defendants'

property under a writ of claim and delivery, any claim arising due to this failure could be prosecuted only in a separate action.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 9 et seq.**

**Right to voluntary dismissal of civil action as affected by opponent's motion for summary judgment, judgment on the pleadings, or directed verdict. 36 ALR3d 1113.**

**Dismissal of plaintiff's action as entitling defendant to recover attorneys' fees or costs as "prevailing party" or "successful party". 66 ALR3d 1087.**

**Construction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.**

Appeal by plaintiff from order entered 17 February 1995 by Judge V. Bradford Long in Randolph County District Court. Heard in the Court of Appeals 29 February 1996.

On 22 March 1991, plaintiff filed a complaint alleging that defendants owed plaintiff $11,657.00, which debt arose from defendants' purchase of furniture from plaintiff. In its complaint, plaintiff alleged that it had a lien on defendants' 1971 truck trailer and 1984 truck. Plaintiff sought recovery of the full amount owed plus possession of the truck and trailer as security. At this same time, plaintiff also filed an affidavit and request for a hearing in claim and delivery.

On 3 July 1991, the Randolph County Clerk of Superior Court, Lynda B. Skeen, granted plaintiff an order of seizure in claim and delivery, and the truck and trailer were subsequently seized. On 26 August 1991, the Randolph County District Court entered an order granting default judgment against defendant Dewey L. Shively, and giving defendant William R. Shively 10 days to file a responsive pleading. Within the time allotted, defendant William R. Shively filed an answer *pro se*, which answer was also signed by defendant Dewey L. Shively. After hearing on 9 September 1991, at which defendant William R. Shively appeared and defendant Dewey L. Shively did not, the trial court dismissed plaintiff's motion for default judgment against defendant William R. Shively, but refused to set aside the previously entered default judgment against defendant Dewey L. Shively.

Thereafter, the North Carolina Division of Motor Vehicles issued registration cards to plaintiff for both the truck and trailer on 11 September 1992. Defendant Dewey L. Shively thereafter duly moved to set aside the default judgment and, on 22 June 1993, the trial court granted defendant's motion. Then, at a calendar call on 11 April 1994, plaintiff through counsel took a voluntary dismissal without prejudice as to both defendants.

On 12 August 1994, defendants moved for "entry of dismissal and for order to return property and to assess damages for wrongful claim and delivery." Defendants served notice of this motion upon T. Thomas Kangur, Jr., then counsel of record for plaintiff. Defendants' motion was heard on 30 August 1994, and the trial court found (1) that neither plaintiff nor its attorney were present despite proper notice, (2) that plaintiff had failed to prosecute its action, (3) that plaintiff's action must be dismissed with prejudice, and (4) that defendants recover the truck and trailer and $22,800.00 in damages. On 16 November 1994, defendants filed a motion seeking an additional $15,000.00 in damages alleging that the truck and trailer were unavailable for return.

On 13 December 1994, the trial court granted defendants' motion and ordered that plaintiff pay the full amount of the damages requested. Again, despite proper notice, neither plaintiff nor plaintiff's counsel were present at the hearing. Ultimately, on 6 February 1995, plaintiff filed a Rule 60(b) motion to set aside the judgment. After hearing, the trial court denied plaintiff's motion.

Plaintiff appeals.

*Hammond & Hammond, by L.T. Hammond, Jr., for plaintiff-appellant.*.

*Moser, Schmidly, Mason & Roose, by Stephen S. Schmidly, for defendant-appellees.*

EAGLES, Judge.

We first address plaintiff's argument that the trial court erred in failing to vacate a judgment that is void as a matter of law. Plaintiff argues that defendants could not assert a claim for damages in a motion after plaintiff, through counsel, had already taken a voluntary dismissal pursuant to Rule 41(a). We agree.

On 11 April 1994, plaintiff's attorney validly took a voluntary dismissal in open court pursuant to Rule 41(a)(1)(i) as noted in the minutes of the Randolph County Clerk of Superior Court. *Johnson v. Hutchens*, 103 N.C. App. 384, 385, 405 S.E.2d 597, 598 (1991). By taking this voluntary dismissal orally in open court before defendants asserted any counterclaim, plaintiff terminated all adversary proceedings in this case. G.S. 1A-1, Rule 41(a) (1983); *Fields v. Whitehouse & Sons Co.*, 98 N.C. App. 395, 397-98, 390 S.E.2d 725, 726-27, *disc. review denied*, 327 N.C. 427, 395 S.E.2d 676 (1990). A Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case, except as provided by Rule 41(d) which authorizes the court to enter specific orders apportioning and taxing costs. *Fields*, 98 N.C. App. at 397-98, 390 S.E.2d at 726-27; *see also Universidad Central Del Caribe, Inc. v. Liaison Committee on Medical Education*, 760 F.2d 14, 19 n.4 (1st Cir. 1985) (stating that a Rule 41(a) dismissal "itself closes the file . . ." and, after a Rule 41(a) dismissal, "[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play."). Moreover, absent an ongoing lawsuit, the provisions of Rule 13(e) allowing a defendant to present a late arising claim "as a counterclaim by supplemental pleading . . ." are inapplicable. Accordingly, we conclude that defendant's only remedy here is to file a separate claim against the plaintiff in accordance with the provisions of Rule 3 and served in accordance with the provisions of Rule 4. *Davis v. Wallace*, 190 N.C. 543, 547-48, 130 S.E. 176, 179-80 (1925).

We note that defendants cite G.S. 1-475 in support of their position. G.S. 1-475 provides that a plaintiff seeking claim and delivery of a defendant's property must secure a bond in an amount equal to twice the value of the seized property so that the defendant will not be damaged in the event it can be shown that the plaintiff is not lawfully entitled to possession of the seized property. G.S. 1-475 (1885 & Supp 1995). Contrary to defendants' assertion, however, this language does not confer any right to prosecute an action in the manner attempted by defendants here.

In sum, we recognize that plaintiff here may be subject to liability due to plaintiff's failure to prosecute its action after taking defendants' property under a writ of claim and delivery. *Davis*, 190 N.C. at 547-48, 130 S.E.2d at 179-80. As we have stated, however, any claim arising due to this failure may be prosecuted only in a separate action. Accordingly, the order of the trial court is vacated and the cause is remanded to the trial court with direction to dismiss any purported

claims asserted by defendants' motion in this action. We need not address plaintiff's remaining assignments of error.

Vacated and remanded.

Judges JOHN and WALKER concur.