PAMELA BRISSON AND DALLAS BRISSON v. KATHY A. SANTORIELLO, M.D., P.A., AND KATHY A. SANTORIELLO, M.D.

No. 376PA99

(Filed 5 May 2000)

**Medical Malpractice— Rule 9(j) certification—voluntary dismissal under Rule 41—action refiled—statute of limitations extended—one-year saving provision**

In a medical malpractice action where plaintiffs failed to include the necessary Rule 9(j) certification in their original complaint, the trial judge denied plaintiffs' motion to amend their complaint, plaintiffs voluntarily dismissed their original complaint without prejudice pursuant to N.C. R. Civ. P. 41(a)(1), and plaintiffs refiled the action after the three-year medical malpractice statute of limitations in N.C.G.S. § 1-15(c) had run, plaintiffs' voluntary dismissal effectively extended the statute of limitations in N.C.G.S. § 1-15(c) by allowing plaintiffs to refile their complaint against defendants within the one-year saving provision of Rule 41(a)(1) since: (1) plaintiffs did not file their initial complaint in bad faith; and (2) the voluntary dismissal was prior to a trial court's ruling dismissing plaintiffs' claim or otherwise ruling

against plaintiffs at any time prior to plaintiffs resting their case at trial.

Justice WAINWRIGHT dissenting.

Justice LAKE joins in this dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 134 N.C. App. 65, 516 S.E.2d 911 (1999), reversing and remanding a 9 February 1998 order for judgment on the pleadings entered by Hudson, J., in Superior Court, Cumberland County, and a 26 February 1998 order entered by Brewer, J., in Superior Court, Cumberland County, denying a motion for relief from the earlier order. Heard in the Supreme Court 15 February 2000.

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Charles George, for plaintiff-appellees.*

*Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb, for defendant-appellants.*

*Fuller, Becton, Slifkin & Bell, P.A., by Charles L. Becton and James C. Fuller, on behalf of North Carolina Academy of Trial Lawyers, amicus curiae.*

*Cranfill, Sumner & Hartzog, L.L.P., by Kari R. Johnson, on behalf of North Carolina Association of Defense Attorneys, amicus curiae.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by James D. Blount, Jr., Michael W. Mitchell, and James Y. Kerr, II, on behalf of North Carolina Medical Society; and Manning, Fulton & Skinner, P.A., by John B. McMillan, on behalf of North Carolina Citizens for Business and Industry, amici curiae.*

ORR, Justice.

This case arises out of a medical malpractice action filed in Superior Court, Cumberland County, against Dr. Kathy A. Santoriello (Dr. Santoriello), an obstetrician-gynecologist (OB-GYN) practicing in Fayetteville, North Carolina. Plaintiffs Pamela Brisson and Dallas Brisson alleged negligence and loss of consortium, seeking damages in excess of $10,000, plaintiffs' costs, and attorneys' fees.

The facts relevant to this action are as follows. On 27 July 1994, Dr. Santoriello performed an abdominal hysterectomy on plaintiff

**BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.**

[351 N.C. 589 (2000)]

Pamela Brisson. Several months later, it was discovered that plaintiff had an obstruction of her vaginal canal that prevented her from having sexual intercourse. Subsequently, on 3 June 1997, plaintiffs filed a complaint alleging negligence and loss of consortium against defendants Kathy A. Santoriello, M.D., P.A., and Kathy A. Santoriello, M.D., arising out of defendant Santoriello's performance of the 27 July 1994 abdominal hysterectomy. Plaintiffs alleged, "Defendant Physician, through Defendant P.A., performed said surgery negligently, in that Defendant failed to exercise or possess that degree of skill, care, and learning ordinarily exercised or possessed by the average obstetrician/gynecologist, taking into account the existing state of knowledge and practice in the profession." Plaintiffs then claimed that defendants' negligence proximately resulted in various severe and permanent physical injuries in addition to plaintiff Dallas Brisson's loss of consortium from the companionship of his wife, plaintiff Pamela Brisson.

On 22 August 1997, defendants filed a motion to dismiss the case pursuant to Rules 9(j) and 12(b)(6) of the North Carolina Rules of Civil Procedure, arguing that plaintiffs' complaint failed to meet the requirements set forth in N.C. R. Civ. P. 9(j) and also failed to state a claim upon which relief can be granted based on N.C. R. Civ. P. 12(b)(6).

Rule 9(j) explicitly sets out several requirements that a party must meet when pleading a medical malpractice cause of action. In pertinent part, this rule provides as follows:

> (j) *Medical malpractice.*—Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> > (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]

N.C.G.S. § 1A-1, Rule 9(j)(1) (1999).

Defendants' motion to dismiss was based in part on plaintiffs' failure to include, pursuant to Rule 9(j), a certification in their com-

plaint that plaintiffs had a medical expert who was reasonably expected to qualify as an expert, had reviewed plaintiff's medical care, and was willing to testify that the medical care plaintiff received from defendant Dr. Santoriello did not comply with the applicable standard of care. On 30 September 1997, plaintiffs filed a motion to amend their complaint, along with an attached copy of the proposed amended complaint, claiming that "a physician has reviewed the subject medical care, but it was inadvertently omitted from the pleading (see attached Affidavit of Counsel), and to not grant leave to amend would unduly prejudice plaintiffs, by subjecting her [sic] to a dismissal." Plaintiffs also moved, in the alternative, to voluntarily dismiss their complaint without prejudice pursuant to N.C. R. Civ. P. 41(a)(1).

Following a hearing on defendants' motion to dismiss and plaintiffs' motion to amend the complaint, Judge D.B. Herring denied plaintiffs' motion to amend, but reserved ruling on defendants' motion to dismiss. As a result, on 6 October 1997, plaintiffs voluntarily dismissed their claims against defendants Dr. Santoriello and Kathy Santoriello, M.D., P.A., pursuant to Rule 41(a)(1).

Subsequently, on 9 October 1997, plaintiffs filed another complaint in Superior Court, Cumberland County, that contained essentially the same allegations as the original complaint, except that the new complaint included the appropriate certification required under Rule 9(j). On 20 October 1997, defendants filed an answer and moved for judgment on the pleadings, alleging that plaintiffs' claims were barred by the applicable statutes of limitations and repose pursuant to N.C.G.S. § 1-15(c).

After a hearing in January 1998, Judge Orlando Hudson granted defendants' motion for judgment on the pleadings by order entered 9 February 1998, stating specifically that "the Court holds that the complaint filed on June 3, 1997 does not extend the statute of limitations in this case because it does not comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. The instant complaint, filed on October 9, 1997, is barred by the statute of limitations . . . ."

Plaintiffs then filed two separate motions for relief under N.C. R. Civ. P. 60(b) requesting relief from Judge Herring's order denying plaintiffs' motion to amend their complaint and Judge Hudson's order allowing defendants' motion for judgment on the pleadings. On 26 February 1998, Judge Coy Brewer denied both motions for relief.

**BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.**

[351 N.C. 589 (2000)]

Plaintiffs filed notice of appeal with the Court of Appeals, seeking review of the 9 February 1998 order entered by Judge Hudson. The Court of Appeals unanimously reversed Judge Hudson's ruling allowing defendants' motion for judgment on the pleadings and reinstated plaintiffs' causes of action. On 7 October 1999, this Court granted defendants' petition for discretionary review.

We note at the outset that the Court of Appeals, in its opinion, addressed at length the effects of plaintiffs' proposed amended complaint. We find that plaintiffs' motion to amend, which was denied, is neither dispositive nor relevant to the outcome of this case. Whether the proposed amended complaint related back to and superceded the original complaint has no bearing on this case once plaintiffs took their voluntary dismissal on 6 October 1997. It is well settled that "[a] Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case, except as provided by Rule 41(d)[,] which authorizes the court to enter specific orders apportioning and taxing costs." *Walker Frames v. Shively*, 123 N.C. App. 643, 646, 473 S.E.2d 776, 778 (1996). " '[T]he effect of a judgment of voluntary [dismissal] is to leave the plaintiff exactly where he [or she] was before the action was commenced.' " *Gibbs v. Carolina Power & Light Co.*, 265 N.C. 459, 464, 144 S.E.2d 393, 398 (1965) (quoting 17 Am. Jur. *Dismissal, Discontinuance, & Nonsuit* § 89, at 161 (1938)). After a plaintiff takes a Rule 41(a) dismissal, "[t]here is nothing the defendant can do to fan the ashes of that action into life[,] and the court has no role to play." *Universidad Central Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 18 n.4 (1st Cir. 1985).

The only issue for us to review on appeal is whether plaintiffs' voluntary dismissal pursuant to N.C. R. Civ. P. 41(a)(1) effectively extended the statute of limitations by allowing plaintiffs to refile their complaint against defendants within one year, even though the original complaint lacked a Rule 9(j) certification. We hold that it does.

Rule 41(a) provides, in pertinent part:

[A]n action or any claim therein may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal at any time before the plaintiff rests his case . . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . .

BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.

[351 N.C. 589 (2000)]

N.C.G.S. § 1A-1, Rule 41(a)(1) (1999). "[A] party always has the time limit prescribed by the general statute of limitation and in addition thereto they get the one year provided in Rule 41(a)(1)." *Whitehurst v. Virginia Dare Transport. Co.*, 19 N.C. App. 352, 356, 198 S.E.2d 741, 743 (1973). "If the action was originally commenced within the period of the applicable statute of limitations, it may be recommenced within one year after the dismissal, even though the base period may have expired in the interim." 2 Thomas J. Wilson, II & Jane M. Wilson, *McIntosh North Carolina Practice and Procedure* § 1647, at 69 (Supp. 1970). Thus, it is important to note that under Rule 41, a plaintiff may "dismiss an action that originally was filed within the statute of limitations and then refile the action after the statute of limitations ordinarily would have expired." *Clark v. Visiting Health Prof'ls,* —— N.C. App. ——, ——, 524 S.E.2d 605, 607 (2000).

Defendants argue that plaintiffs' claims were barred by the applicable statute of limitations set out in N.C.G.S. § 1-15(c), which provide that medical malpractice causes of action must be brought within three years of the last allegedly negligent act of the physician. Based on the facts before us, the applicable statute of limitations began to run on 27 July 1994, the date Dr. Santoriello performed Pamela Brisson's abdominal hysterectomy. Plaintiffs filed their original complaint against defendants on 3 June 1997, safely within the time period prescribed by N.C.G.S. § 1-15(c). However, on 6 October 1997, plaintiffs voluntary dismissed this action and, thus, were granted one year within which to refile. Plaintiffs filed a second complaint on 9 October 1997. Defendants contend that the one-year "saving provision" allowed by Rule (41)(a)(1) did not apply to plaintiffs' claims because plaintiffs' first complaint failed to comply with the Rule 9 pleading requirements. Thus, defendants reason, plaintiffs' causes of action were barred by the statute of limitations.

The Court of Appeals held that "plaintiffs were entitled to the benefit of the Rule 41(a)(1) extension. Plaintiffs' second complaint, therefore, was not barred by the statute of limitations, and the trial court erred in entering judgment on the pleadings in favor of defendants." *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 134 N.C. App. 65, 72-73, 516 S.E.2d 911, 916 (1999). However, this decision rests on the erroneous reasoning discussed above that plaintiffs' proposed amended complaint related back to the original complaint. We agree with the Court of Appeals' holding but differ, in part, in our reasoning, finding it unnecessary to rely on the proposed amended complaint.

**BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.**

[351 N.C. 589 (2000)]

This Court has repeatedly stated that "[s]tatutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each." *Board of Adjust. v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993). On these facts, we must look to our Rules of Civil Procedure and construe Rule 9(j) along with Rule 41. Although Rule 9(j) clearly requires a complainant of a medical malpractice action to attach to the complaint specific verifications regarding an expert witness, the rule does not expressly preclude such complainant's right to utilize a Rule 41(a)(1) voluntary dismissal. Had the legislature intended to prohibit plaintiffs in medical malpractice actions from taking voluntary dismissals where their complaint did not include a Rule 9(j) certification, then it could have made such intention explicit. In this case, the plain language of Rule 9(j) does not give rise to an interpretation depriving plaintiffs of the one-year extension pursuant to their Rule 41(a)(1) voluntary dismissal merely because they failed to attach a Rule 9(j) certification to the original complaint. "[T]he absence of any express intent and the strained interpretation necessary to reach the result urged upon us by [defendants] indicate that such was not [the legislature's] intent." *Sheffield v. Consolidated Foods Corp.*, 302 N.C. 403, 425, 276 S.E.2d 422, 436 (1981).

Moreover, pursuant to Rule 41(b), a defendant may move for an involuntary dismissal of an action if the plaintiff's complaint fails "to prosecute or to comply with these rules or any order of court." N.C.G.S. § 1A-1, Rule 41(b). Thus, this evidences the legislature's intent, under a different subsection of Rule 41, to subject a plaintiff's claim to an involuntary dismissal based on a failure to comply with the applicable rules. Had the trial court involuntarily dismissed plaintiffs' complaint with prejudice pursuant to defendants' motion *before* plaintiffs had taken the voluntary dismissal, then plaintiffs' claims set forth in the second complaint would be barred by the statute of limitations. Such was not the case here, however.

Defendants rely primarily on *Estrada v. Burnham*, 316 N.C. 318, 341 S.E.2d 538 (1986), in arguing that Rule 41(a)(1) applies only to a timely filed complaint that conforms to the rules of pleading set forth in the North Carolina Rules of Civil Procedure. In their brief, defendants assert that this case was barred by the statute of limitations unless the "complaint in the first lawsuit complied with Rule 9(j) at the time of its dismissal."

The facts in *Estrada* are distinguishable from the facts of this case. In *Estrada*, the plaintiff filed a medical malpractice action the

day before the expiration of the statute of limitation; however, the complaint lacked allegations describing the specific manner in which defendant was purportedly negligent. Two minutes after the plaintiff filed the original complaint, the plaintiff took a voluntary dismissal of the action under Rule 41(a)(1) and, almost one year later, filed a second complaint against the same defendant alleging medical malpractice arising out of the same surgery as the original complaint. The defendant then filed a motion to dismiss based, in part, on the grounds that the plaintiff's action was barred by the applicable statute of limitations. In *Estrada*, the plaintiff's counsel admitted in his briefs before the Court of Appeals and this Court that the original " 'lawsuit was filed with the intention of dismissing it in order to avoid the lapse of the statute of limitations.' " *Id.* at 322, 341 S.E.2d at 541. This Court determined the issue before it as follows:

> The dispositive question is whether a plaintiff may file a complaint within the time permitted by the statute of limitations for the sole purpose of tolling the statute of limitations, but with no intention of pursuing the prosecution of the action, then voluntarily dismiss the complaint and thereby gain an additional year pursuant to Rule 41(a)(1).

*Id.* at 323, 341 S.E.2d at 542. We held that the plaintiff's complaint was filed in bad faith, in violation of Rule 11(a) of the North Carolina Rules of Civil Procedure, and thus, that the complaint could not be used to extend the statute of limitations pursuant to the one-year "saving provision" of Rule 41(a)(1). *Id.*

In the case at bar, defendants cite as support this Court's dicta in *Estrada* wherein we stated, "[I]n order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year 'extension' by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading." *Id.* However, defendants here admit that plaintiffs did not file their initial complaint in "bad faith." Nonetheless, they contend that the dicta in *Estrada* should extend to the facts of this case, and thus, defendants argue, plaintiffs' second complaint should be barred by the statute of limitations because of the initial complaint's failure to comply with the 9(j) pleading requirements. We find no merit to defendants' argument and hold that plaintiffs were entitled to voluntarily dismiss their action without prejudice.

We note that the language in *Estrada* upon which defendants rely is mere dicta and not controlling in the disposition of the case at bar.

**BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.**

[351 N.C. 589 (2000)]

Further, *Estrada* cited no authority in support of the proposition that "the complaint must conform in all respects to the rules of pleading" in order to benefit from the one-year extension. The literal interpretation of such a comprehensive and unlimited statement could essentially eviscerate the legislature's intent in creating the long-standing benefit of a Rule 41(a)(1) voluntary dismissal one-year extension.

The Rule 41(a) voluntary dismissal "has salvaged more lawsuits than any other procedural device, giving the plaintiff a second chance to present a viable case at trial." 2 G. Gray Wilson, *North Carolina Civil Procedure* § 41-1, at 32 (2d ed. 1995). Many plaintiffs have used "this rule to cure an unforeseen defect in a claim that did not become apparent until trial . . . . The rule also offers a safety net to plaintiff or his counsel who are either unprepared or unwilling to proceed with trial the first time the case is called." *Id.* at 33. The purpose of our long-standing rule allowing a plaintiff to take a voluntary dismissal and refile the claim within one year even though the statute of limitations has run subsequent to a plaintiff's filing of the original complaint is to provide a one-time opportunity where the plaintiff, for whatever reason, does not want to continue the suit. The range of reasons clearly includes those circumstances in which the plaintiff fears dismissal of the case for rule violations, shortcomings in the pleadings, evidentiary failures, or any other of the myriad reasons for which the cause of action might fail. The only limitations are that the dismissal not be done in bad faith and that it be done prior to a trial court's ruling dismissing plaintiff's claim or otherwise ruling against plaintiff at any time prior to plaintiff resting his or her case at trial.

Therefore, we conclude that plaintiffs properly filed their 9 October 1997 complaint within the statute of limitations pursuant to the Rule 41(a)(1) voluntary dismissal one-year extension. Accordingly, the decision of the Court of Appeals, as modified herein, is affirmed.

As to defendants' third issue on appeal, "Does an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfy the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure?" we hold that discretionary review was improvidently allowed.

The dissent categorizes this decision as "repugnant" and a "complete evisceration" of the malpractice statute of limitations. This

greatly overstates the practical ramifications of the decision which merely harmonizes the provisions of Rules 9(j) and 41(a). A frivolous malpractice claim with no expert witness pursuant to Rule 9(j) still meets the ultimate fate of dismissal. Likewise, a meritorious complaint will not be summarily dismissed without benefit of Rule 41(a)(1), simply because of an error by plaintiffs' attorney in failing to attach the required certificate to the complaint pursuant to Rule 9(j).

MODIFIED AND AFFIRMED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.

Justice WAINWRIGHT dissenting.

I respectfully dissent. I believe the majority's interpretation of Rule 9(j) and its relationship to a voluntary dismissal pursuant to Rule 41(a) misconstrues both the General Assembly's intent in enacting Rule 9(j) and our rules regarding statutory construction.

At the outset, a complete recitation of the provisions of Rule 9(j) is in order. It provides:

(j) *Medical Malpractice.*—Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 20-21.12 *shall* be dismissed unless:

(1) The pleading *specifically asserts* that the medical care *has been reviewed* by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading *specifically asserts* that the medical care *has been reviewed* by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the *motion is filed with the complaint*; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

**BRISSON v. KATHY A. SANTORIELLO, M.D., P.A.**

[351 N.C. 589 (2000)]

Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court of the county in which the cause of action arose may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension. The plaintiff shall provide, at the request of the defendant, *proof of compliance* with this subsection through up to ten written interrogatories, the answers to which *shall be verified* by the expert required under this subsection. These interrogatories do not count against the interrogatory limit under Rule 33.

N.C.G.S. § 1A-1, Rule 9(j) (1999) (emphasis added). The official commentary to Rule 9 explains the rule's general purpose: "This rule is designed to lay down some special rules for pleading in typically recurring contexts which have traditionally caused trouble when no codified directive existed." N.C.G.S. § 1A-1, Rule 9 official commentary (1999). The General Assembly's purpose in amending Rule 9 by adding subsection (j) is gleaned from the title of that legislation: "An Act to Prevent Frivolous Medical Malpractice Actions by Requiring that Expert Witnesses in Medical Malpractice Actions have Appropriate Qualifications to Testify on the Standard of Care at Issue and to Require Expert Witness Review as a Condition of Filing a Medical Malpractice Action." Act of June 20, 1995, ch. 309, 1995 N.C. Sess. Laws 611. It is apparent that Rule 9(j) was specifically drafted to govern the initiation of medical malpractice actions and to require physician review as a condition for filing the action. To aid in accomplishing these goals, the General Assembly included a means by which a plaintiff could obtain a 120-day extension of the three-year statute of limitations in order to comply with the prefiling physician-review requirement. Thus, the General Assembly recognized the additional burden placed on prospective medical malpractice plaintiffs by the physician-review requirement and allowed them additional time to comply.

The General Assembly did not specifically address the effect of the Rule 41(a) one-year "savings" provision in relation to the 120-day extension of the statute of limitations. However, I believe that in taking the extraordinary step of providing for an extension of the statute of limitations in the rule, the General Assembly has implicitly revealed its intention for the 120-day extension to take the place of

the one-year "savings" provision. Further evidence of the legislature's intent may be derived from its use of the phrase "shall be dismissed" for actions which do not comply with the requirements of the rule. N.C.G.S. § 1A-1, Rule 9(j). The General Assembly, I think it reasonable to assume, did not contemplate a situation where a Rule 41(a) voluntary dismissal would be available in a case if the Rule 9(j) allegations had not been made, because the action was to have been mandatorily dismissed at its outset for failure to comply. This consequence of filing a noncompliant pleading prompted the legislature to provide an opportunity to extend the statute of limitations.

The majority's analysis would effectively extend the medical malpractice statute of limitations from three years, *see* N.C.G.S. § 1-15(c) (1999), to four years and 120 days. "The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time." *Shearin v. Lloyd*, 246 N.C. 363, 371, 98 S.E.2d 508, 514 (1957). A defendant has the right to rely on the statute of limitations as an absolute bar against "stale" claims. *See id.*; *see also Wilkes County v. Forester*, 204 N.C. 163, 167 S.E. 691 (1933). With all due respect, I decline to join in a decision approving such an extension. The result of the majority's interpretation is a complete evisceration of the medical malpractice statute of limitations. I do not believe the General Assembly intended such a result when it set out to prevent "frivolous" medical malpractice actions.

In addition, a principle of statutory construction leads me to reach a different conclusion than the majority:

"Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definitive way, the two should be read together and harmonized . . . ; but, to the extent of any necessary repugnancy between them, the special statute . . . will prevail over the general statute . . . ."

*McIntyre v. McIntyre*, 341 N.C. 629, 631, 461 S.E.2d 745, 747 (1995) (quoting *National Food Stores v. N.C. Bd. of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966)); *accord Krauss v. Wayne County DSS*, 347 N.C. 371, 378, 493 S.E.2d 428, 433 (1997). In the instant case, the General Assembly has enacted a specific statute which provides for an extension of the statute of limitations in medical malpractice actions. Rule 41(a)(1) is a general statute affecting many types of civil actions. While I acknowledge the majority's attempt to harmonize the provisions as we are bound to do, I believe

the result the majority has reached is "repugnant" because of its extension of the statute of limitations beyond that for which the General Assembly has already provided.

For the reasons stated, I dissent.

Justice LAKE joins in this dissenting opinion.