THORNBURG, Judge.
 

 On 1 November 2002, plaintiff Kenneth Houck and defendants Randall and Debra Peele entered into a lease agreement for property located in Waxhaw, North Carolina. Defendants agreed to pay plaintiff $2,200 per month as rent for three months and then purchase the property. Plaintiff filed a summary ejectment action against defendants on 6 March 2003 to recover rent due and to be put in possession of the property. On 1 April 2003, judgment was entered against defendants which awarded plaintiff possession of the property and a monetary award of $4,000. Defendants appealed todistrict court. Defendants failed to pay rent to the clerk of court and a writ of possession was entered on 13 May 2003.
 

 On 30 May 2003, plaintiff moved to amend his complaint to include a claim for additional damages. Plaintiff sought to recover $12,875.00 for further overdue rent. On the same day, defendants took a voluntary dismissal and withdrew their appeal. On 1 July 2003, the trial court denied plaintiff's motion to amend. Plaintiff appeals.
 

 Plaintiff argues that the trial court erred by denying his motion to amend. Plaintiff notes that the jurisdictional maximum in small claims court is $4,000, while in district court the maximum is $10,000. As a consequence of defendants' appeal to the district court, plaintiff argues that he was entitled to amend his complaint to seek additional damages. Plaintiff contends that the dismissal of defendants' appeal did not affect his right to seek additional damages, because he was entitled to amend his complaint and seek additional damages pursuant to
 
 N.C. Gen. Stat. § 42-34
 
 . We disagree.
 

 Plaintiff's motion to amend his complaint was neither dispositive nor relevant to the outcome of this case. "It is well settled that `[a] Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case, except as provided by Rule 41(d)[,] which authorizes the court to enter specific orders apportioning and taxing costs.'"
 
 Brisson v. Kathy A. Santoriello, M.D., P.A.,
 

 351 N.C. 589
 
 , 593,
 
 528 S.E.2d 568
 
 , 570 (2000) (quoting
 
 Walker Frames v. Shively,
 

 123 N.C. App. 643
 
 , 646,
 
 473 S.E.2d 776
 
 ,778 (1996)). Once defendants took a voluntary dismissal, "[t]here [was] nothing the [plaintiff could] do to fan the ashes of that action into life[,] and the court [had] no role to play."
 

 Id.
 

 (quoting
 
 Universidad Central Del Caribe, Inc. v. Liaison Comm. on Med. Educ.,
 

 760 F.2d 14
 
 , 18 n.4 (1st Cir. 1985)). Accordingly, we affirm.
 

 Affirmed.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).