IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-587

No. COA20-860

Filed 2 November 2021

Wake County, No. 19 CVS 17145

LOST FOREST DEVELOPMENT, L.L.C. and its successors, Petitioner,

v.

COMMISSIONER OF LABOR OF THE STATE OF NORTH CAROLINA, Respondent.

Appeal by petitioner from order entered 19 August 2020 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 5 October 2021.

*Williams Mullen, by Michael C. Lord, for petitioner-appellant.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Stacey A. Phipps, for respondent-appellee.*

TYSON, Judge.

¶ 1 Lost Forest Development LLC, ("Lost Forest") appeals from the superior court's order affirming the Order of the Review Commission dismissing Lost Forest's "Notice of Contest" for lack of timeliness. We affirm.

## I. Background

¶ 2 Petitioner, Lost Forest is a limited liability company which operates a worksite in Henderson, North Carolina.

¶ 3 The North Carolina Commissioner of Labor ("Commissioner" or "NCDOL")

enforces the Occupational Safety and Health Act of North Carolina ("OSHA"). *See* N.C. Gen. Stat. §§ 95-1, 126(m) (2019). The Commissioner enforces OSHA through compliance inspections. N.C. Gen. Stat. § 95-126(g) (2019).

¶ 4 The Commissioner conducted an inspection of Lost Forest's Henderson worksite on 20 April 2017. Lost Forest's principal/operator, Greg Sveinsson received at the time of the inspection, and signed a copy of the Employer and Employee Rights and Responsibilities Form (OSHA 59). This form provides in relevant part: "**Contestment of Citation and/or Penalty** – The employer may contest the citation by notifying the Occupational Safety and Health Division *in writing* within 15 working days following receipt of citation." (emphasis bold original and italics supplied). Lost Forest had no previous OSHA citations.

¶ 5 The Commissioner issued a Citation and Notification of Penalty ("Citation") on 15 June 2017. The Citation alleged five serious violations, which were immediately repaired, and carried a total proposed penalty of $7,800. Lost Forest received the Citation on 19 June 2017. The Citation provides in bold letters:

> 15 working days after you receive this Citation and Notification of Penalty . . . or 15 working days after you receive the results of the informal conference, the citation(s) and/or proposed penalty(ies) will become a final order of the North Carolina Occupational Safety and Health Review Commission and may not be reviewed by any court or agency, *unless you file a notice of contestment.* (emphasis supplied).

¶ 6     Lost Forest timely requested an informal conference as the first step in "contestment" of the Citation. A health compliance officer held the conference by phone with Sveinsson on 27 June 2017. Sveinsson verbally contested the Citation at the conclusion of the informal conference. No written "notice of contestment" followed this settlement meeting.

¶ 7     The health compliance officer sent Sveinsson a letter dated 28 June 2017 which included the proposed Settlement Agreement. The letter notified Sveinsson he needed "to submit your letter of contest" within 15 working days, if he did not accept the settlement offer. The letter further stated, it "shall serve as your notice of no change" and gave the contact information for NCDOL District Supervisor Bruce Miles for questions. Sveinsson took no further action upon receipt of the Commissioner's formal settlement offer for over a year.

¶ 8     NCDOL Supervisor Miles called Sveinsson on 22 October 2018 about the Citation. Sveinsson verbally reiterated Lost Forest wished to contest the Citation and confirmed his statements *via* email. The following day, Supervisor Miles forwarded the email chain with Sveinsson to the OSHA Review Commission ("Review Commission"). The Review Commission docketed it and deemed the communication to be a "Notice of Contest."

¶ 9     The Commissioner took no action on any procedural deficiency. In the interim, Lost Forest timely filed its Statement of Position with the Review Commission.

## II. Procedural History

¶ 10 On 16 May 2019, the Commissioner moved to dismiss the notice of contest as untimely before the OSHA Review Commission. The Administrative Law Judge ("ALJ") denied the Commissioner's motion after an evidentiary hearing in an Order entered 11 July 2019.

¶ 11 The Commissioner appealed the ALJ's Order to the Review Commission in August 2019. The Review Commission reversed the ALJ's decision by Order of the Commissioners in November 2019 and dismissed Lost Forest's "notice of contestment" as untimely.

¶ 12 Lost Forest filed a Petition for Judicial Review in the Wake County Superior Court in December 2019. The trial court overruled Lost Forest's exceptions and affirmed the Order of the Review Commission. Lost Forest timely filed this appeal on 17 September 2020.

## III. Jurisdiction

¶ 13 Jurisdiction in this Court is proper pursuant to N.C. Gen. Stat. § 7A-27(b)(l) (2019).

## IV. Issues

¶ 14 Lost Forest argues: (1) its notice of contest is timely; (2) alternatively if not timely, the Commissioner forfeited the right to claim that Lost Forest did not properly

contest the citation; and, (3) alternatively, good cause exists for Lost Forest to have its day in court.

¶ 15        Lost Forest also lists five other issues on appeal but fails to argue or provide authority for those issues in its brief.

> The function of all briefs required or permitted by these rules is to define clearly the issues presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon. The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned.

N.C. R. App. P. 28(a) (2019).   Those five unsupported and unargued issues "are deemed abandoned" on appeal. *Id.*

## V.    Standard of Review

¶ 16        "When the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review." *Brooks v. McWhirter Grading Co.*, 303 N.C. 573, 580-581, 281 S.E.2d 24, 29 (2012).

## VI.    Analysis

### A. Timeliness of Notice of Contest

¶ 17        Lost Forest argues its "notice of contestment" is timely because on 27 June 2017 Sveinsson verbally notified the Commissioner's representative of its desire to contest during an irregular informal conference.  Lost Forest argues verbal notice is

sufficient because N.C. Gen. Stat. § 95-137(b)(1) (2019) does not require written notice:

> [T]he employer has *15 working days within which to notify the Director* that the employer wishes to:
>
> a. Contest the citation or proposed assessment of penalty; *or*
>
> b. Request an informal conference.
>
> Following an informal conference, unless the employer and Department have entered into a settlement agreement, the Director shall send the employer an amended citation or notice of no change. The employer has 15 working days from the receipt of the amended citation or notice of no change to notify the Director that the employer wishes to contest the citation or proposed assessment of penalty, whether or not amended. If, within 15 working days from the receipt of the notice issued by the Director, the employer fails to notify the Director that the employer requires an informal conference to be held or intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under the provisions of this Article within such time, the citation and the assessment as proposed to the Commissioner shall be deemed final and not subject to review by any court. (emphasis supplied).

¶ 18        The North Carolina Administrative Code provides:

> An employer has 15 working days from receipt of a citation to notify the Director *in writing* that the employer wishes to either contest under the provisions of G.S. 95-137(b)(1) or request an informal conference.

13 N.C. Admin. Code 7A.0802 (2020) (emphasis supplied). "[S]tatutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if

possible, to give effect to each." *Brisson v. Santoriello*, 351 N.C. 589, 595, 528 S.E.2d 568, 571 (2000).

> In order to ensure "the orderly transaction of its proceedings", the Board is authorized to make Rules of Procedure and to follow the Rules of Civil Procedure when a situation arises that is not covered by its own Rules of Procedure. N.C.G.S. 95-135(d). The Board like any other court cannot function unless its Rules of Procedure are followed.

*Master Woodcraft, Inc*. OSHANC 2002-4109.

¶ 19        Here, Lost Forest received the Citation which contained two paragraphs explaining the right to contest:

> Right to Contest – You have the right to contest this Citation and Notification of Penalty now or after an informal conference.
>
> . . . .
>
> 15 working days after you received this Citation and Notification of Penalty (if you do not request an informal conference) or 15 working days after you receive the results of the informal conference, the citation(s) and/or proposed penalty(ies) will become a final order of the North Carolina Occupational Safety and Health Review Commission and may not be reviewed by any court or agency, unless *you file a notice of contestment*. (emphasis supplied).

¶ 20        Lost Forest requested and participated in an informal conference on 27 June 2017 and received a proposed settlement agreement on 8 July 2017. Lost Forest was given another 15 days to file "a notice of contestment" providing, "If this agreement is not signed and returned with three (3) working days, this letter shall serve as your

notice of no change and you shall have fifteen (15) working days, from the receipt of this letter to *submit your letter of contest*." (emphasis supplied).

At the initial hearing, the hearing examiner inquired of Sveinsson, the principal of Lost Forest, whether he recalled reading the various notices sent to him. Sveinsson testified he, "called someone to help me fill it out because I really didn't understand it;" "I probably didn't go into great detail reading this;" and "I probably went straight to the numbers. I apologize. I just - - you know, I kind of skimmed through it, and signed it, and sent it back."

The North Carolina Administrative Code requires written notice of contest, and the Commissioner supplied reasonable notice to Lost Forest twice within the allotted time for the notice to be filed, and even complied with an extension request, once Lost Forest had received the settlement agreement. Sveinsson admitted he did not read the notices thoroughly and took no further actions. This argument is overruled.

### B. Commissioner Accepting Notice of Contest

Lost Forest argues because Supervisor Miles called Sveinsson to confirm Lost Forest wanted to contest the Citation, and because the Commissioner docketed Lost Forest's email response as "a notice of contestment" in October 2018, the Commissioner waived or forfeited the procedural defense of untimeliness.

The NCDOL Field Operations Manual advises that a supervisor should not

make further contact once notification is mailed to the employer. NCDOL is an agency with respect to the Administrative Procedure Act. *See* N.C. Gen. Stat. § 150B-1(c) (2019). "The APA defines "Rule" as "any agency regulation, standard, or statement of *general applicability* that implements or interprets an enactment of the General Assembly or Congress or a regulation adopted by a federal agency or that describes the procedure or practice requirements of an agency." *Wal-Mart Stores E., Inc. v. Hinton*, 197 N.C. App. 30, 56, 676 S.E.2d 634, 652 (2009). A rule is not a statement "concerning only the internal management of an agency . . . including policies and procedures manuals, if the statement does not directly or substantially affect the procedural or substantive rights or duties of a person not employed by the agency or group of agencies." *N.C. Comm'r of Labor v. Weekley Homes, L.P.,* 169 N.C. App. 17, 28–29, 609 S.E.2d 407, 416 (2005) (citation omitted).

Supervisor Miles' notifying Lost Forest regarding the notice of contest more than a year after last contact was an action contrary to an administrative precaution provided in the NCDOL Field Operations Manual and is not a rule by which the Commissioner, the Review Commission, or this Court is bound. *See Weekley Homes, L.P.*, 169 N.C. App. at 31, 609 S.E.2d at 416 (holding "the Operations Manual is a non-binding interpretive statement, not a rule requiring formal rule-making procedures . . . the Operations Manual merely established guidelines that directed OSHA[.]").

The record clearly shows after Lost Forest received notice of the Citation it had 15 working days to provide a written contestment. The Commissioner received the "contestment" email *15 months after* Lost Forest's time to file notice of contest had ended. Lost Forest references N.C. Gen. Stat. § 150B-51(b)(5) (2019) (stating "The court . . . may . . . reverse . . . if . . . decisions are: unsupported by substantial evidence[.]"). Overwhelming evidence in the record supports the contention that Lost Forest was on notice of the deadlines to contest the Citation.

Lost Forest provides no applicable case law, statute, or rule to show the Commissioner's acceptance of the notice of contest or Supervisor Miles' late contact is fatal to Commissioner's Motion to Dismiss. The Commissioner, within the authority granted by the legislature, provided multiple notices to Lost Forest. Lost Forest's argument that N.C. Gen. Stat. § 95-137(b)(1) does not require written notice is without merit when considered with the other North Carolina Administrative Code and statutory requirements. The trial court properly affirmed the Review Commission's conclusion that Lost Forest did not file a timely notice of contest. Petitioner's argument is overruled.

## C. Good Cause for Lost Forest's Day in Court

Lost Forest argues good cause exists to allow its notice of contest, and it should be permitted pursuant to N.C. Gen. Stat. § 1A-1, Rule 60.

If Lost Forest had filed a Rule 60(b) Motion, the Rule potentially provides relief

from a judgment or order only in limited circumstances, including for mistake, inadvertence or excusable neglect. The Supreme Court of the United States supplies a test for excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 123 L. Ed. 2d. 74, 89-90 (1993).

> [W]hat sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission . . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.*

¶ 30        In *Best Rate Tree & Lawn Serv.*, the employer failed to comply with OSHA reporting requirements. *Best Rate Tree & Lawn Serv.,* OSHANC 2006-4672. The safety compliance officer attempted to contact the employer many times. Finally, the officer and the employer met on 19 September 2006 and the employer received his OSHA 59 form with instructions to file his notice of contest. The citation was issued 16 October 2006. The employer filed a notice of extension to contest on 9 November, two days after the deadline. The employer did not contest until 14 December 2006. The Review Commission found:

> The [employer] has failed to prove by the greater weight of the evidence that it should be allowed to contest the citations . . . There is no evidence that [the employer]

conducted the handing (sic) of this matter with the degree
of care that a business person gives his or her important
business matters.

*Id.*

¶ 31    Sveinsson did not act as a reasonable business person. He neither paid the penalty he sought to contest nor contacted the NCDOL for more than a year. Lost Forest never contacted the NCDOL to ask questions, to discuss payment, or to seek additional time to respond or to verify his notice of contest was timely received.

¶ 32    Lost Forest's made no efforts to submit any written contest and admittedly did not give the Citation the attention it deserved. Supervisor Miles' late contact with Lost Forest is not determinative of the facts before us. Petitioner's notice of contest was officially filed on 22 October 2018, 15 months after the settlement agreement. Lost Forest has failed to show by greater weight of the evidence it had acted in good faith.

## VII.    Legal Inadequacy

¶ 33    Lost Forest failed to respond to the Motion to Dismiss within ten days from service as is required by OSHRC Rule .0308(a): "parties upon whom a motion is served shall have 10 days from service to file a response." 24 N.C. Admin. Code 3.0308 (2020).

¶ 34    Lost Forest argues it was originally *pro se*, a small business without a legal department, had no frame of reference to contest OSHA, believed it had satisfied the

requirements, and was prejudiced by the trial court's order. Being fully cognizant of these asserted disadvantages, Lost Forest did not obtain counsel until receiving the Notice of Appearance to OSHA Review Commission on 31 May 2019.

¶ 35 Evidence shows Sveinsson "was not a prudent business person in the handling of this matter, which he admitted during the hearing." *Best Rate Tree & Lawn Serv*, OSHANC 2006-4672. Petitioner's argument is overruled.

## VIII. Finding of Fact 6

¶ 36 Lost Forest argues the trial court failed to comply with N.C. Gen. Stat. § 150B-51(b)(5) because none of the notices specifically said its failure to respond would result in a final order. That language is *verbatim* on the Citation and on the cover letter to the proposed Settlement Agreement. The Citation provided in bold letters if Lost Forest did not file a notice of contest in 15 days the Citation "will become a final order." Further, the settlement letter notified Sveinsson that if he did not accept the proposed settlement offer, he needed "to submit your letter of contest" within 15 working days. The letter further provided, it "shall serve as your notice of no change." This argument has no merit.

## IX. Inconsistencies in Statute & Rules of Required Form of Notices

¶ 37 Several of Lost Forest's arguments center upon ambiguities and inconsistencies of the unspecified and varying type of notices required, whether verbal or written, in the statutes and rules governing and, forms from the

Commissioner, it is bound by as a small *pro se* business. The OSHA 59 Form Sveinsson signed provides the employer may contest the citation by notifying the Occupational Safety and Health Division *in writing* within 15 working days following receipt of the citation. The Commissioner received Lost Forest's "Contestment" email *15 months after* Lost Forest's time to file notice of contest had ended.

¶ 38        The judicial branch and governmental agencies at all levels are transitioning away from requiring written "hard" copies and service documents to electronic notices and filing in the trial and appellate divisions. Agencies are encouraged to review their controlling statutes, rules, and forms for consistency of notice and service requirements prevalent in electronic communications and interactions with constituents and consumers. *See* N.C. Gen. Stat. § 1A-1, Rule 5 (b)(1)(a) ("Service may also be made on the attorney by electronic mail (e-mail) to an e-mail address of record with the court in the case. Such e-mail must be sent by 5:00 P.M. Eastern Time"); N.C. Gen. Stat. § 1A-1, Rule 5(e)(2) ("If electronic filing is available in the county of filing, filing shall be made in accordance with Rule 5 of the General Rules of Practice for the Superior and District Courts.").

## X.    Conclusion

¶ 39        The matters of timeliness are the only issues argued in Lost Forest's brief and before this Court. Under *de novo* review, substantial evidence supports the trial court's findings and conclusions to affirm the Review Commission's decision

concluding Lost Forest's written notice of contest filed 15-16 months after the deadline should be dismissed as untimely. Lost Forest has failed to show the Commissioner's docketing of Lost Forest's notice of contest is a procedural forfeiture or waiver to challenge. Good cause has not been shown to entitle Lost Forest to a Rule 60(b) review. We affirm the trial court's order. *It is so ordered.*

AFFIRMED.

Chief Judge STROUD and Judge INMAN concur.