KEITH D. CLINE AND PATRICIA P. CLINE v. B. F. SEAGLE t/a
B. F. SEAGLE REALTY CO.

No. 7525DC395

(Filed 15 October 1975)

**Pleadings § 38; Vendor and Purchaser § 1— offer to purchase realty —
ability to obtain loan — unfilled blanks in contract — judgment on
pleadings**

> In an action to recover a deposit made toward the purchase of
> a house, judgment on the pleadings was inappropriate, notwith-
> standing attorneys for both parties consented to judgment on the
> pleadings, where the pleadings raised issues of fact as to whether
> clauses in the form contract signed by plaintiffs which conditioned
> the contract on the ability of the buyer to obtain financing con-
> stituted a part of the contract since they contained unfilled blank
> spaces.

APPEAL by defendant from *Beach, Judge.* Judgment entered
19 February 1975, District Court, CATAWBA County. Heard in
the Court of Appeals 4 September 1975.

On 27 June 1973, plaintiffs and defendant entered a writ-
ten "Offer to Purchase," a standard real estate form for pur-
chase of a house. Plaintiffs paid $500 to the defendant who
acted as their escrow agent as well as their real estate agent.
Several clauses of the form contract contained blank spaces
which were left unfilled. Plaintiffs allege that the clauses in
question conditioned the contract on their being able to secure
financing for the purchase. Defendant answers that because the
blanks were unfilled the clauses were not a part of the contract.
The disputed clauses are set out below:

> "This offer is conditioned upon Buyer being able to
> secure a loan in the principal amount of $____ _____ ____ for
> a term of _____ years, at an interest rate not to ex-
> ceed _____% per annum using the above described prop-
> erty as security. Buyer agrees to use his best efforts to
> secure such loan and to pay the usual cost in connection
> therewith provided; however, that in the event Buyer is
> unable to obtain a loan commitment as herein described on
> or before _____, 19_____, this agreement shall be null
> and void.

\* \* \*

Other conditions:

\* \* \*

In the event this offer is not accepted or if Buyer is unable to secure a loan as hereinabove described or if the Seller(s) is not able to convey a good and marketable title, any deposit made as a part of the purchase price is to be returned to Buyer and this offer and contract shall thereafter be null and void."

Attorneys for both parties consented to judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. The trial judge ordered defendant to return $500 to the plaintiffs, finding that the clauses were a part of the contract and interpreting them in favor of the plaintiffs. Defendant appeals from this judgment.

*Carroll W. Weathers, Jr., for plaintiff appellees.*

*Butner, Rudisill & Brackett by J. Steven Brackett for defendant appellant.*

CLARK, Judge.

The dispositive question presented on appeal is whether the trial court erred in granting judgment on the pleadings for the plaintiffs. We hold that it did.

In *Jones v. Warren,* 274 N.C. 166, 170, 161 S.E. 2d 467, 470 (1968), the court said, "The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition. [Citations omitted.]" We think at least one issue arises on the pleadings: Did the parties intend that the contract be conditioned on plaintiffs' obtaining financing for the purchase? The pleadings raise a major question as to what the minds of the parties contemplated would embody their contract. Interpretation of contract language cannot begin until it is determined what terms and clauses constitute the contract. The pleadings raise contradicting assertions as to what terms comprised this contract. Because the pleadings raised this material question, judgment on the pleadings became inappropriate in spite of the consent by the attorneys.

Form contracts present problems because frequently they contain terms that are not pertinent to the agreement at hand.

Often these undesired terms are marked out to indicate that they are not to be included as a part of the agreement.

Where a blank in a contract is not filled and not marked out, whether it is rejected as surplusages or omissions are supplied, depends upon the intention of the parties. This intention may be inferred from the contract if it appears with certainty; if not, the intention must be determined from evidence of the transaction and its details. 17 Am. Jur. 2d, Contracts, § 261 (1964).

Whether the terms in question in this case were intended to be included or excluded does not appear with certainty from the contract or from the pleadings. Therefore, evidence will be required to determine what the intentions of the parties were in light of their actions and representations leading up to the consummation of this agreement.

What other issues, if any, arise on the pleadings we leave for later determination by the trial court.

Reversed.

Judges BRITT and PARKER concur.