JERRY DAN PIPKIN, ET UX, MAJORIE L. PIPKIN, EDWARD LASSITER, ET UX, FAYDEEN LASSITER, RANDOLPH LASSITER, ET UX, SHIRLEY LASSITER v. ELSIE LASSITER, ET VIR, PAUL LASSITER

No. 778SC609

(Filed 20 June 1978)

**Rules of Civil Procedure § 12.1— questions of fact raised—judgment on the pleadings improper**

In a declaratory judgment proceeding where plaintiffs sought a declaration of their rights in a right-of-way, the trial court erred in granting judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c), since defendants in their answer admitted only the citizenship of the parties and nothing else, thus raising material issues of fact, and since defendants' answer also contained a "third defense and counterclaim" with respect to the right-of-way which in no way tended to make the facts so well settled as to permit judgment on the pleadings.

APPEAL by defendants from *Smith (David I.), Judge.* Judgment entered 28 February 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 25 April 1978.

This action was instituted by the filing of a paper writing purporting on its face to be a "petition." This paper writing was filed by the plaintiffs, Jerry Dan Pipkin and his wife, Majorie L. Pipkin; Edward Lassiter and his wife, Faydeen Lassiter; and Randolph Lassiter and his wife, Shirley Lassiter, designating themselves as "petitioners." The defendants, Elsie Lassiter and her husband, Paul Lassiter, were designated as "respondents."

The paper writing by which the plaintiffs instituted this action alleges that they and the defendants are citizens of Wayne County and that each own certain lands pursuant to a special proceeding resulting in a division of the lands of the late Effie P. Lassiter by commissioners appointed by the Clerk of Superior Court of Wayne County. The plaintiffs allege that, as a part of this division, the commissioners provided for a twenty-foot right-of-way across the lands of the defendants to serve as a means of ingress and egress for the plaintiffs. Copies of recorded plats setting forth the alleged twenty-foot right-of-way and an old path which adjoined are attached and incorporated by reference as a part of the paper writing. The plaintiffs allege that the defendants have closed or attempted to close the right-of-way and seek to deny the plaintiffs access to their lands and the family burial ground. The plaintiffs pray that the defendants be enjoined from interfering with the plaintiffs' use of the right-of-way and that the trial court establish the plaintiffs' rights with regard to the right-of-way. On 18 June 1976 the defendants, designated in the original paper writing as "respondents," filed a motion for extension of time to file an "answer." The Clerk of Superior Court of Wayne County entered an order on 18 June 1976, purporting to act "under G.S. 1-398 of the Rules of Special Proceedings," and directing "that the defendants have through July 1, 1976, in which to file defensive pleadings."

The defendants filed a paper writing purporting on its face to be a "response" in which they admit their citizenship and that of the plaintiffs and deny all other allegations of the "petition." The defendants additionally set forth a "third defense and counterclaim" alleging that the will of Effie P. Lassiter made no

mention of any right-of-way, that the commissioners "in laying off a proposed 20-foot right-of-way" did not intend to disrupt the intent and will of Effie P. Lassiter and that the commissioners did not intend for the right-of-way to be a cause of controversy between the families. By their "third defense and counterclaim," the defendants raise other allegations not directly responsive to the allegations set forth by the plaintiffs.

The plaintiffs moved for summary judgment and judgment on the pleadings. They offered no affidavits or other documents in support of this motion. Having considered the pleadings, the trial court found that "the material allegations of fact which are raised by the petition are not controverted by the response of the defendants in the defendants' responsive pleadings." The trial court entered judgment for the plaintiffs on the pleadings and granted them the relief prayed. From this judgment, the defendants appeal.

*Duke and Brown, by John E. Duke, for petitioner appellees.*

*Barnes, Braswell & Haithcock, by Michael A. Ellis, for respondent appellants.*

MITCHELL, Judge.

Although this action is designated a special proceeding by the parties and was assigned a number in the trial court indicating it to be such, we perceive it to be a civil action in the nature of a declaratory judgment proceeding. The plaintiffs designate themselves as "petitioners" and seek a declaration of their rights in a right-of-way and injunctive relief pursuant to the terms of a judgment in a prior special proceeding (28SP22) in Wayne County. The defendants, designated as "respondents" at most pertinent points in the pleadings, assign as error the entry of judgment on the pleadings by the trial court. They contend that their answer, designated a "response" by them, raises material issues of fact and that the trial court erred in granting judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c). We agree.

A motion for judgment on the pleadings is properly allowed when all material allegations of fact are admitted in the pleadings and only questions of law remain. *Ragsdale v. Kennedy*, 286 N.C.

130, 209 S.E. 2d 494 (1974). When a party moves for judgment on the pleadings, he admits the truth of all well-pleaded facts in the pleading of the opposing party and the untruth of his own allegations insofar as they are controverted by the pleadings of the opposing party. *Gammon v. Clark*, 25 N.C. App. 670, 214 S.E. 2d 250 (1975).

In the present case the defendants admit the citizenship of the parties and nothing else. Clearly the facts are not established by such pleadings.

The fact that the answer or "response" also contains a "third defense and counterclaim" which makes reference to "a proposed 20-foot right-of-way" which has been laid off somewhere by commissioners and also sets forth unrelated matters, in no way tends to make the facts so well settled as to permit judgment on the pleadings. Judgment on the pleadings pursuant to Rule 12(c) is not favored by the law, and the pleadings must be liberally construed in the light most favorable to the defendants as the non-moving parties. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974). The mere fact that a party's case may be weak and the party unlikely to prevail on the merits will not make judgment on the pleadings appropriate. *Huss v. Huss*, 31 N.C. App. 463, 230 S.E. 2d 159 (1976).

The pleadings of the parties, in their current state, raise material issues of fact. Rule 12(c) does not authorize a trial court's entry of judgment on such pleadings. *Cline v. Seagle*, 27 N.C. App. 200, 218 S.E. 2d 480 (1975). We find that the trial court erred in entering this judgment.

For the reasons previously set forth, the judgment of the trial court must be and is

Reversed and the cause remanded.

Chief Judge BROCK and Judge HEDRICK concur.