CHERYL S. BASS, Plaintiff v. DURHAM COUNTY HOSPITAL CORPORATION and REBECCA S. RICH, M.D., Defendants

No. COA02-841

(Filed 3 June 2003)

**1. Medical Malpractice— Rule 9(j) certification—voluntary dismissal without prejudice**

The trial court erred in a medical negligence case by granting defendants' motions for judgment on the pleadings under N.C.G.S. § 1A-1, Rule 12(c) in an action where an N.C.G.S. § 1A-1, Rule 41(a) voluntary dismissal was taken and the second complaint contained the necessary N.C.G.S. § 1A-1, Rule 9(j) certification, because: (1) the fact that plaintiff obtained a 120-day extension under Rule 9(j) prior to filing the first complaint does not deprive her of the right to take a Rule 41(a) dismissal without prejudice; and (2) plaintiff's original complaint was timely filed, and the action was properly dismissed without prejudice and refiled within one year of the dismissal.

**2. Civil Procedure— Rule 60(b) motion—mootness**

Plaintiff's appeal in a medical negligence case of an order denying her Rule 60(b) motion to set aside a prior order of dis-

missal is moot, because the Court of Appeals reversed the prior order dismissing the case.

**3. Appeal and Error— appealability—cross-assignment regarding original action voluntarily dismissed**

Defendant doctor's attempt in a medical negligence case to cross-assign as error the trial court's denial of her motions to dismiss and for summary judgment in the original action is without merit because the original action was voluntarily dismissed and is not before the Court of Appeals.

Judge TYSON dissenting.

Appeal by plaintiff from an order entered 26 October 2001 by Judge Narley L. Cashwell and from an order entered 10 May 2002 by Judge Henry P. Hight, Jr. in Durham County Superior Court. Heard in the Court of Appeals 25 March 2003.

*Hollowell, Mitchell, Peacock & Von Hagen, PA, by Joseph T. Copeland and Donald R. Von Hagen, for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by Timothy P. Lehan and Deanna Davis Anderson, for defendant-appellee Durham County Hospital Corporation.*

*Patterson, Dilthey, Clay & Bryson, LLP, by E.C. Bryson, Jr., Christopher J. Derrenbacher and Heather R. Waddell, for defendant-appellee Rebecca S. Rich, M.D.*

STEELMAN, Judge.

Plaintiff, Cheryl S. Bass, appeals an order of the trial court dismissing her negligence claims with prejudice and an order denying her motion to set aside the dismissal under Rule 60(b). For the reasons discussed herein, we reverse and remand.

On 2 December 1999, plaintiff filed a complaint alleging that she was injured as a result of medical negligence on the part of defendants Dr. Rebecca S. Rich and Durham County Hospital Corporation. The alleged injury occurred on 3 August 1996. Plaintiff further alleged that she suffers from reflex sympathetic dystrophy in her right arm resulting from the improper insertion of an intravenous line during her treatment.

Plaintiff's original complaint was filed on the last day of a 120-day extension granted pursuant to Rule 9(j) of the North Carolina Rules

BASS v. DURHAM CTY. HOSP. CORP.

[158 N.C. App. 217 (2003)]

of Civil Procedure. The complaint did not contain a certification that plaintiff had a medical expert who: (a) was reasonably expected to qualify as an expert; (b) had reviewed plaintiff's medical care; and (c) was willing to testify that the medical care plaintiff received did not comply with the applicable standard of care, as required by Rule 9(j). On 13 December 1999, plaintiff filed an amended complaint under Rule 15(a) prior to the service of a responsive pleading. The amended complaint contained the certification required by Rule 9(j).

On 3 January 2000, Rich filed an answer, a motion for judgment on the pleadings, and a motion for summary judgment. These motions contended that plaintiff's claims were barred by the statute of limitations. The hospital answered on 20 January 2000 and filed a Rule 12(b)(6) motion to dismiss. On 24 May 2000, Judge Donald W. Stephens denied each of Rich's motions and held that plaintiff's amended complaint containing the Rule 9(j) certification related back to the 2 December 1999 filing of the original complaint. On 29 May 2001, plaintiff voluntarily dismissed her claims without prejudice pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.

Plaintiff re-filed her complaint, which included a Rule 9(j) certification, on 12 June 2001. On 20 July 2001, Rich filed an answer and moved for judgment on the pleadings asserting that: (1) the original complaint was filed more than three years after the alleged events that gave rise to the suit; (2) the complaint failed to state a claim upon which relief could be granted; and (3) plaintiff did not comply with Rule 9(j). The hospital filed a similar motion for judgment on the pleadings on 10 August 2001.

Defendants' motions were heard and granted by Judge Narley L. Cashwell. An order was entered dismissing plaintiff's complaint with prejudice. Plaintiff filed a notice of appeal on 28 November 2001. On 20 February 2002, plaintiff filed a Rule 60(b) motion to set aside the prior order of dismissal. On 10 May 2002, plaintiff's motion was denied by Judge Henry P. Hight, Jr. On 23 May 2002, plaintiff filed a notice of appeal from the denial of the motion to set aside.

[1] In her first assignment of error, plaintiff argues the trial court erred in granting defendants' motions for judgment on the pleadings. We agree.

A motion for judgment on the pleadings pursuant to Rule 12(c) should be granted when all material questions of fact are resolved in the pleadings, and only issues of law remain. *Mabrey v. Smith*, 144

N.C. App. 119, 548 S.E.2d 183, *rev. denied,* 354 N.C. 219, 554 S.E.2d 340 (2001) (citing *Cash v. State Farm Mut. Auto Ins. Co.,* 137 N.C. App. 192, 528 S.E.2d 372, *aff'd,* 353 N.C. 257, 538 S.E.2d 569 (2000)). This motion, disfavored by the courts, liberally construe the pleadings in the light most favorable to the nonmovant. *Id.* (Citing *Pipkin v. Lassiter,* 37 N.C. App. 36, 245 S.E.2d 105 (1978)). Therefore, when all factual issues are not resolved by the pleadings, judgment on the pleadings is inappropriate. *Id.*

The fundamental question in this case is whether the instant action is controlled by *Brisson v. Kathy A. Santoriello, M.D., P.A.,* 351 N.C. 589, 528 S.E.2d 568 (2000) or *Thigpen v. Ngo,* 355 N.C. 198, 558 S.E.2d 162 (2002).

In *Brisson,* the plaintiff timely filed a medical negligence complaint which lacked a Rule 9(j) certification. Subsequently, the plaintiff took a voluntary dismissal without prejudice pursuant to Rule 41(a). Upon the re-filing of the complaint, the trial court dismissed the second action because the original complaint did not contain the Rule 9(j) certification and the second complaint was thus filed outside the statute of limitations. The Supreme Court reversed, holding that the lack of the Rule 9(j) certification in the first action was not fatal to the second action.

In *Thigpen,* the plaintiff obtained a 120-day extension under Rule 9(j) in order to comply with the certification requirements. The plaintiff subsequently filed a complaint that did not contain the Rule 9(j) certification and later filed an amended complaint containing the certification. The trial court granted the defendants' motion to dismiss. Our Supreme Court affirmed, holding that once a plaintiff obtains a 120-day extension under Rule 9(j), the plaintiff cannot thereafter amend the complaint to add a Rule 9(j) certification. The dismissal of the plaintiff's complaint was mandated by Rule 9(j).

In the instant case, defendants argue that since plaintiff obtained a 120-day extension under Rule 9(j) in the original action and then filed a complaint without the Rule 9(j) certification, the subsequent action is barred by the statute of limitations. Defendants' argument requires this Court to look back at the original lawsuit and base its ruling on errors contained in the original complaint, which is contrary to the Supreme Court's holding in *Brisson.*

In that case, the Supreme Court, in broad and clear terms, affirmed the right of a plaintiff to take a voluntary dismissal under

Rule 41(a) and held that the taking of a dismissal would serve to correct defects in the first action.

> The Rule 41(a) voluntary dismissal "has salvaged more lawsuits than any other procedural device, giving the plaintiff a second chance to present a viable case at trial." 2 G. Gray Wilson, North Carolina Civil Procedure § 41-1, at 32 (2d ed. 1995) . . . The purpose of our long-standing rule allowing a plaintiff to take a voluntary dismissal and refile the claim within one year even though the statute of limitations has run subsequent to a plaintiff's filing of the original complaint is to provide a one-time opportunity where the plaintiff, for whatever reason, does not want to continue the suit. The range of reasons clearly includes those circumstances in which the plaintiff fears dismissal of the case for rule violations, shortcomings in the pleadings, evidentiary failures, or any other of the myriad reasons for which the cause of action might fail. The only limitations are that the dismissal not be done in bad faith and that it be done prior to a trial court's ruling dismissing plaintiff's claim or otherwise ruling against plaintiff at any time prior to plaintiff resting his or her case at trial.

*Brisson*, 351 N.C. at 597, 528 S.E.2d at 572-73.

The *Brisson* court further stated that "the plain language of Rule 9(j) does not give rise to an interpretation depriving plaintiffs of the one-year extension pursuant to their Rule 41(a) voluntary dismissal merely because they failed to attach a Rule 9(j) certification to the original complaint." *Id.* at 595, 528 S.E.2d at 571. Thus, the subsequent action was not subject to dismissal where a Rule 41(a) voluntary dismissal was taken, and the second complaint contained the Rule 9(j) certification.

In the instant case, as in *Brisson*, plaintiff filed a complaint in the first action which did not contain the mandatory Rule 9(j) certification. The fact that plaintiff obtained a 120-day extension under Rule 9(j) prior to filing the first complaint does not deprive her of the right to take a Rule 41(a) dismissal without prejudice.

Defendants contend that under *Thigpen*, plaintiff could not amend her complaint to add a Rule 9(j) certification where a 120-day extension had been obtained. However, defendants' reliance upon *Thigpen* is misplaced. *Thigpen* is not a Rule 41(a) case. The Supreme Court in *Brisson* made it clear that, in the context of a Rule 41(a) voluntary dismissal, motions to amend are irrelevant. It held that "[w]e

**BASS v. DURHAM CTY. HOSP. CORP.**

[158 N.C. App. 217 (2003)]

find that plaintiffs' motion to amend, which was denied, is neither dispositive nor relevant to the outcome of this case. Whether the proposed amended complaint related back to and superceded the original complaint has no bearing on this case once plaintiffs took their voluntary dismissal[.]" *Id.* at 593, 528 S.E.2d at 570.

The effect of a Rule 41(a) dismissal is to leave the plaintiff exactly as she was *before the action was commenced*. Defendant is thus "free from the taint of wrongful accusation or legal detriment," *Augur v. Augur*, 356 N.C. 582, 590, 573 S.E.2d 125, 131 (2002), which might have arisen as a result of failing to attach the Rule 9(j) certification to the original complaint.

The instant case is a Rule 41(a) case and is thus controlled by *Brisson* and not by *Thigpen*. Plaintiff's original complaint was timely filed. That action was properly dismissed without prejudice and properly re-filed within one year of the dismissal. Plaintiff's complaint, therefore, is not barred by the statute of limitations.

**[2]** Because we reverse Judge Cashwell's order dismissing this case, plaintiff's appeal of Judge Hight's order is moot.

At the time Judge Cashwell granted defendants' motion for judgment on the pleadings and dismissed plaintiff's suit, Rule 9(j) had been declared unconstitutional in *Anderson v. Assimos*, 146 N.C. App. 339, 553 S.E.2d 63 (2001). This holding was expressly vacated by our Supreme Court. *Anderson v. Assimos*, 356 N.C. 415, 572 S.E.2d 101 (2002).

Defendant Rich asserts that this Court's decision in *Anderson* retroactively extinguished plaintiff's right to seek a 120-day extension to file her original complaint. However, in *Best v. Wayne Mem. Hosp., Inc.*, 147 N.C. App. 628, 556 S.E.2d 629 (2001), *appeal dismissed and disc. rev. denied*, 356 N.C. 433, 572 S.E.2d 426 (2002), this Court held that *Anderson* did not invalidate a 120-day extension granted under Rule 9(j). This assignment of error is without merit.

**[3]** Rich attempts to cross-assign as error Judge Stephens's denial of her motions to dismiss and for summary judgment in the original action, which was voluntarily dismissed and which is not before us on appeal. *Brisson* held that after a plaintiff takes a Rule 41(a) voluntary dismissal, " 'there is nothing the defendant can do to fan the ashes of that action into life[,] and the court has no role to play.' " *Id.* at 593, 528 S.E.2d 570 (citing *Universidad Central Del Caribe, Inc. v.*

*Liaison Comm. on Med. Educ.*, 760 F.2d 14, 18 n.4 (1st Cir. 1985)). Defendant Rich's cross-assignment of error as to Judge Stephens's order in the first lawsuit is thus without merit.

REVERSED AND REMANDED.

Judge WYNN concurs.

Judge Tyson dissents.

TYSON, Judge, dissenting.

I respectfully dissent from the majority's opinion reversing Judge Cashwell's order. The majority's opinion relies heavily upon *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000) to support its result. The Rule 9(j) 120-day extension that plaintiff at bar obtained and her failure to file a conforming complaint within that time factually and legally distinguishes this case from *Brisson*. The more recent Supreme Court opinion in *Thigpen v. Ngo*, 355 N.C. 198, 558 S.E.2d 162 (2002), controls the outcome at bar. Judge Cashwell's dismissal with prejudice of plaintiff's complaint should be affirmed.

### I. Rule 41(a)

The reliance of the majority's opinion upon and its application of the interpretation of Rule 41(a) in *Brisson* to the facts at bar is misplaced. *Brisson* holds that "[t]he effect of a judgment of voluntary dismissal is to leave the plaintiff exactly where he or she was before the action was commenced." *Brisson*, 351 N.C. at 593, 528 S.E.2d at 570.

The plain language of Rule 41(a) states that "*[i]f an action commenced within the time prescribed therefor*, or any claim therein, is dismissed without prejudice," the claimant has one year from the time of the dismissal to bring a new action on that same claim. N.C. Gen. Stat. § 1A-1, Rule 41(a) (2001) (emphasis supplied). Plaintiff's original complaint was not "commenced within the time prescribed therefor" because plaintiff failed to comply with Rule 9(j) until after the original statute of limitations and the 120-day extension had expired. *See Thigpen v. Ngo*, 355 N.C. 198, 558 S.E.2d 162 (2002).

### II. Effect of *Thigpen v. Ngo*

Our Supreme Court in *Thigpen v. Ngo* reviewed the applicability of Rule 9(j) to amendment of complaints. "[W]e hold that once a

BASS v. DURHAM CTY. HOSP. CORP.

[158 N.C. App. 217 (2003)]

party *receives and exhausts* the 120-day extension of time in order to comply with Rule 9(j)'s expert certification requirement, the party cannot amend a medical malpractice complaint to include expert certification." *Id.* at 205, 558 S.E.2d at 167 (emphasis supplied). The majority's opinion would allow plaintiff's amended complaint with the 9(j) certification, filed after the original statute of limitations period and the 120-day extension expired, to relate back and cure the defect. This result is precisely what our Supreme Court held plaintiff could not do. *Id.*

Relation back is unavailable where a plaintiff obtained an extension under Rule 9(j) to file the original complaint and failed to comply. *Id.* Under this rule, plaintiff's complaint was not "commenced within the time prescribed therefor." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2001). Plaintiff waited nearly the entire original limitations period and until the last day of the Rule 9(j) 120-day extension before filing a complaint that: (1) was facially defective, (2) did not contain the mandatory certification, and (3) could not be properly amended under Rule 15. *Thigpen*, 355 N.C. at 205, 558 S.E.2d at 167.

### III. Reconciling *Brisson* and *Thigpen*

The majority's opinion reads *Brisson* to allow plaintiff to voluntarily dismiss without prejudice and refile. *See Brisson*, 351 N.C. at 600, 528 S.E.2d at 574 (Wainwright J., dissenting) (stating "[t]he majority's analysis would effectively extend the medical malpractice statute of limitations from three years . . . to four years and 120 days."); *See also*, John Huske Anderson, Jr., *Brisson v. Santoriello and Rule 9(j): A Step Backward in the Pursuit to Prevent Frivolous Medical Malpractice Actions in North Carolina*, 79 N.C. L. Rev. 855, 867-70 (2001) (discussing the practical effects of *Brisson* including (1) curtailment of Rule 9(j) as a prerequisite to filing a medical malpractice action, (2) extension of the statute of limitations, and (3) reduction of the judicial control of trial judges).

The facts of *Brisson* are distinguishable when compared to the case at bar. Unlike plaintiff here, "the plaintiffs in *Brisson* did not request the 120-day extension provided by Rule 9(j)." *Thigpen*, 355 N.C. at 201, 558 S.E.2d at 164 (citing *Brisson*, 351 N.C. 589, 528 S.E.2d 568). The proposed amended complaint with 9(j) certification in *Brisson* was filed within 120 days after the statute of limitations expired, and would have been timely filed if plaintiffs had requested and received the 120-day extension. *Brisson*, 351 N.C. at 591-92, 528 S.E.2d at 569-70.

## BASS v. DURHAM CTY. HOSP. CORP.

[158 N.C. App. 217 (2003)]

The 120-day extension of the statute of limitations available to medical malpractice plaintiffs by Rule 9(j) is for the purpose of complying with Rule 9(j). N.C. Gen. Stat. § 1A-1, Rule 9(j) (2001). "The title of Rule 9, 'Pleading special matters,' plainly signals the statute's tailoring to address distinct situations set out in the statute." *Thigpen*, 355 N.C. at 203, 558 S.E.2d at 165. Since relation back is not available through Rule 15(c) of the North Carolina Rules of Civil Procedure to comply with Rule 9(j), plaintiff's amended complaint did not toll the statute of limitations. *Id.* at 205, 558 S.E.2d at 167. Plaintiff was not entitled to the one-year extension under Rule 41(a) because her original action was not timely filed.

Rule 9(j) mandates that any complaint which fails to comply with the certification requirement, " '*shall be dismissed.*' " *Id.* at 201, 558 S.E.2d at 164-65 (quoting N.C. Gen. Stat. § 1A-1, Rule 9(j)). *Thigpen* reasons that although the plaintiffs in *Brisson* voluntarily dismissed their case without prejudice, a trial judge can dismiss with prejudice where a complaint does not contain the certification required by Rule 9(j) and the statute of limitations has expired. *Id.* "In *Brisson*, we stated 'Had the trial court involuntarily dismissed plaintiffs' motion *before* plaintiffs had taken the voluntary dismissal, the plaintiffs' claims set forth in the second complaint would be barred by the statute of limitations.' " *Id.* (quoting *Brisson*, 351 N.C. at 595, 528 S.E.2d at 572) (emphasis in original).

I would hold that, although plaintiff voluntarily dismissed her initial complaint without prejudice, Judge Cashwell correctly dismissed plaintiff's second complaint. A Rule 41(a) voluntary dismissal would salvage the action and provide another year for re-filing had plaintiff filed a complaint complying with Rule 9(j) before the limitations period expired. Plaintiff's complaint was untimely filed beyond the expiration of the applicable statute of limitations and the Rule 9(j) extension. I would affirm Judge Cashwell's order dismissing plaintiff's action. I respectfully dissent.