ESTATE OF BARKSDALE v. DUKE UNIV. MED. CTR.

[175 N.C. App. 102 (2005)]

━━━━━━━━━━

THE ESTATE OF VICKY BARKSDALE, BY AND THROUGH HER EXECUTOR, MICHAEL FARTHING, Plaintiff v. DUKE UNIVERSITY MEDICAL CENTER; DUKE UNIVERSITY HEALTH SYSTEM, INC.; DUKE HOSPITAL; DUKE UNIVERSITY; YVETTE DOUGLAS-LEWIS, M.D.; BROADHEAD FAMILY PRACTICE, P.C.; ARMC PRIMARY CARE, INC. d/b/a YANCEYVILLE FAMILY PRACTICE OF ALAMANCE REGIONAL MEDICAL CENTER f/k/a BROADHEAD FAMILY PRACTICE, P.C.; AND THOMAS A. D'AMICO, M.D., Defendants

No. COA05-101

(Filed 20 December 2005)

1. **Medical Malpractice— initial filing without Rule 9(j) certification—voluntary dismissal and refiling with certification—statute of limitations—no relation back**

Plaintiff's medical malpractice claims were properly dismissed under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff's initial complaint did not have a Rule 9(j) certification; plaintiff took a voluntary dismissal and later refiled with the requisite certification after the statute of limitations had expired; and the complaints were dismissed for violation of the statute of limitations. Plaintiff's last complaint should not be permitted to relate back to the original; the original was not properly filed, as it failed to comply with Rule 9(j) and did not suffice to toll the statute of limitations.

ESTATE OF BARKSDALE v. DUKE UNIV. MED. CTR.

[175 N.C. App. 102 (2005)]

**2. Civil Procedure— voluntary dismissal and refiling—changing constitutional rulings**

A plaintiff was required to comply with Rule 9(j) in refiling a medical malpractice action after a voluntary dismissal where the original complaint was controlled by the Court of Appeals holding that Rule 9(j) is unconstitutional, but the N.C. Supreme Court had vacated that ruling by the time plaintiff took the voluntary dismissal.

Appeal by plaintiff from orders entered 16 July 2004 and 22 September 2004 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 21 September 2005.

*Hollowell, Mitchell, Eyster & Warner, P.A., by Joseph T. Copeland and Joan M. Mitchell, for plaintiff-appellant.*

*Hunton & Williams LLP, by Frank E. Emory, Jr. and Brent A. Rosser, for Duke University Medical Center, Duke University Health Systems, Inc., Duke Hospital, Duke University, and ·Thomas A. D'Amico, M.D., defendants-appellees.*

*Sharpless & Stavola, P.A., by Joseph P. Booth, III, for Broadhead Family Practice, P.C., and ARMC Primary Care, Inc. d/b/a Yanceyville Family Practice of Alamance Regional Medical Center f/k/a Broadhead Family Practice, P.C., defendants-appellees.*

*Carruthers & Roth, P.A., by Kenneth L. Jones, for Yvette Douglas-Lewis, M.D., defendants-appellees.*

JACKSON, Judge.

On 15 March 2002, the estate of Vicky Barksdale ("plaintiff") filed a complaint alleging defendants failed to timely diagnose and treat Vicky Barksdale's recurrence of cancer, and failed to treat her with proper palliative care once the recurrence was discovered. Vicky Barksdale passed away on 18 March 2000 as a result of the recurrence of cancer. Defendants listed in the complaint included: Duke University Medical Center, Duke University Health System, Inc., Duke Hospital, Duke University, and Thomas A. D'Amico, M.D. (collectively "Duke defendants"); Broadhead Family Practice, P.C., ARMC Primary Care, Inc., d/b/a Yanceyville Family Practice of Alamance Regional Medical Center, f/k/a Broadhead Family Practice, P.C. (collectively

"Broadhead defendants"); and Yvette Douglas-Lewis, M.D. ("defendant Douglas-Lewis").

Plaintiff's initial complaint filed in March 2002 did not contain a Rule 9(j) certification nor any allegation showing that her estate had standing to institute an action pursuant to North Carolina General Statutes, section 1A-1, Rule 17(a) and sections 28A-18-1 and -2. Plaintiff amended her initial complaint twice to include an allegation stating that her estate had standing to sue. Neither of the amendments included the requisite Rule 9(j) certification.

On 9 December 2002, plaintiff voluntarily dismissed her initial complaint pursuant to North Carolina General Statutes, section 1A-1, Rule 41(a). Plaintiff re-filed the same action against all defendants on 19 November 2003, in a complaint containing the requisite Rule 9(j) certification. On 5 February 2004, Duke defendants answered plaintiff's complaint and asserted that it should be dismissed because it failed to comply with Rule 9(j) and that it was time barred by the statute of limitations. Duke defendants filed a motion to dismiss on 9 June 2004, and the matter was heard on 12 July 2004. The trial court entered an order on 16 July 2004 granting Duke defendants' motion and dismissing plaintiff's case against Duke defendants with prejudice. In dismissing plaintiff's complaint, the trial court held that plaintiff failed to comply with Rule 9(j) when she initially filed her complaint, and that the certification in the November 2003 complaint occurred after the three-year medical malpractice statute of limitations had run.

Broadhead defendants and defendant Douglas-Lewis filed motions to dismiss on 21 and 26 July 2004 respectively, and their motions were granted on 22 September 2004. Plaintiff appeals from the orders ruling that her claims against all defendants were barred by the statute of limitations.

**[1]** Plaintiff contends the trial court erred in dismissing her complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, and that her action was not time barred by the statute of limitations.

A motion to dismiss based on Rule 12(b)(6) should be granted when the plaintiff has failed "to state a claim upon which relief can be granted." N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2004). A defendant may raise the defense of statute of limitations in a Rule 12(b)(6) motion to dismiss "if it appears on the face of the complaint that

ESTATE OF BARKSDALE v. DUKE UNIV. MED. CTR.

[175 N.C. App. 102 (2005)]

such a statute bars the claim." *Hargett v. Holland*, 337 N.C. 651, 653, 447 S.E.2d 784, 786 (1994). Once a defendant has raised this defense, the burden shifts to the plaintiff to show that the action was instituted within the prescribed period. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). "A plaintiff sustains this burden by showing that the relevant statute of limitations has not expired." *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996).

North Carolina General Statutes, section 1-15(c) (2004), provides that a claim for malpractice arising out of the "performance of or failure to perform professional [medical] services shall be deemed to accrue . . . [upon] the occurrence of the last act of the defendant giving rise to the cause of action." A plaintiff has three years from that date within which to bring suit. *Id.*

Upon commencing a medical malpractice action in North Carolina, plaintiffs must plead specifically that their alleged improper medical care has been reviewed by an expert who is willing to testify that the medical care provided to plaintiff "fail[ed] to comply with the applicable standard of care." N.C. Gen. Stat. § 1A-1, Rule 9(j) (2004). North Carolina General Statutes, section 1A-1, Rule 9(j) (2004) provides:

Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

ESTATE OF BARKSDALE v. DUKE UNIV. MED. CTR.

[175 N.C. App. 102 (2005)]

Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court for a judicial district in which venue for the cause of action is appropriate . . . may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

Per Rule 9(j), plaintiffs may extend the three-year statute of limitations for an additional 120 days upon motion, in order to allow them additional time to comply with the Rule 9(j) certification requirement.

A plaintiff may take a voluntary dismissal of his or her action without prejudice pursuant to North Carolina General Statutes, section 1A-1, Rule 41(a). (2004). Rule 41(a) allows a plaintiff who has commenced an action "within the time prescribed therefor," and who takes a voluntary dismissal without prejudice, to commence a new action on the same claim within one year of the voluntary dismissal. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2004); *Bass v. Durham County Hosp. Corp.*, 158 N.C. App. 217, 223, 580 S.E.2d 738, 742 (2003), *rev'd*, 358 N.C. 144, 592 S.E.2d 687 (2004) (Supreme Court reversed Court of Appeals decision and adopted dissenting opinion). When taking a voluntary dismissal without prejudice, a plaintiff always will have the remaining time prescribed under the applicable statute of limitations, and also will have an additional year as provided by Rule 41(a)(1). *Whitehurst v. Virginia Dare Transp. Co.*, 19 N.C. App. 352, 356, 198 S.E.2d 741, 743 (1973). The effect of Rule 41 is that a plaintiff may " 'dismiss an action that originally was filed within the statute of limitations and then refile the action after the statute of limitations ordinarily would have expired.' " *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 594, 528 S.E.2d 568, 571 (2000) (quoting *Clark v. Visiting Health Prof'ls, Inc.*, 136 N.C. App. 505, 508, 524 S.E.2d 605, 607, *disc. review denied*, 351 N.C. 640, 543 S.E.2d 867 (2000)).

The issue before us is whether Plaintiff's complaint filed in November 2003 should be permitted to relate back to her original complaint filed in March 2002 for purposes of the statute of limitations.

Our courts have addressed the interplay of Rule 9(j) and voluntary dismissals under Rule 41(a) in several cases. *Bass v. Durham County Hosp. Corp.*, 158 N.C. App. 217, 580 S.E.2d 738 (2003) in-

ESTATE OF BARKSDALE v. DUKE UNIV. MED. CTR.

[175 N.C. App. 102 (2005)]

volved a plaintiff who commenced a medical malpractice action on the last day of the 120-day extension, and whose complaint failed to comply with the Rule 9(j) certification requirement. The plaintiff later dismissed her claims pursuant to Rule 41(a), and refiled her complaint within the one year. Our Supreme Court reversed this Court's holding in *Bass*, and upheld the dissent in that case. Based upon the dissent, the holding in *Bass* provides that when an original complaint is filed after the original statute of limitations and the 120-day extension both have expired, and it fails to comply with the Rule 9(j) certification requirement, the complaint is "not 'commenced within the time prescribed therefor' " based on the failure to comply with the rule. *Id.* at 223, 580 S.E.2d at 742. The Court went on to hold that "[a] Rule 41(a) voluntary dismissal would salvage the action and provide another year for re-filing had plaintiff filed a complaint complying with Rule 9(j) before the limitations period expired." *Id.* at 225, 580 S.E.2d at 743. In *Bass*, the plaintiff's complaint was untimely filed based on the fact that her initial action, although filed within the statute of limitations and 120-day extension time frame, failed to comply with the Rule 9(j) certification requirements, and thus, for purposes of the statute of limitations, her subsequent filing could not relate back to the date of the initial commencement of the action.

In *Thigpen v. Ngo*, 355 N.C. 198, 205, 558 S.E.2d 162, 167 (2002), our Supreme Court held that "once a party receives and exhausts the 120-day extension of time in order to comply with Rule 9(j)'s expert certification requirement, the party cannot amend a medical malpractice complaint to include expert certification." The Court continued to hold that "Rule 9(j) expert review must take place before the filing of the complaint." *Id.* In reaching its decision, the Court considered our legislature's intent in drafting Rule 9(j), and the purpose of the rule itself. The Court stated:

> The legislature specifically drafted Rule 9(j) to govern the initiation of medical malpractice actions and to require physician review as a condition for filing the action. The legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s requirement of expert certification prior to the filing of a complaint. Accordingly, permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature.

*Id.* at 203-04, 558 S.E.2d at 166.

ESTATE OF BARKSDALE v. DUKE UNIV. MED. CTR.

[175 N.C. App. 102 (2005)]

In *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000), our Supreme Court addressed the situation in which a plaintiff failed to comply with the Rule 9(j) certification requirement. In *Brisson*, the plaintiffs took a voluntary dismissal per Rule 41(a), and re-filed their action within one year of the expiration of the statute of limitations. No 120-day extension was involved. The court in *Brisson* held that the proposed amended complaint was filed within the one-year extension granted by Rule 41(a), and thus should have been allowed. *Id.* at 597, 528 S.E.2d at 573.

While neither the plaintiffs in *Brisson* nor the present case sought the 120-day extension, the facts of the present case are distinguishable from those in *Brisson*. With respect to Duke defendants, plaintiff's last date of injury was 10 March 2000, and the three-year statute of limitations ran on 10 March 2003. Had plaintiff filed a motion seeking the 120-day extension, the statute of limitations would have been extended to 8 July 2003. With respect to defendant Douglas-Lewis and Broadhead defendants, plaintiff's last date of injury was 13 July 1999, and the three year-statute of limitations expired 13 July 2002. Had plaintiff filed a motion seeking the 120-day extension, the statute of limitations would have been extended to 11 November 2002, which was Veteran's Day, thus the extension would have run on Tuesday, 12 November 2002. Plaintiff recommenced the civil action as to all defendants on 19 November 2003—clearly beyond the statute of limitations and 120-day extensions in each case.

In the instant case, plaintiff admits that the initial complaint failed to contain the required certification. In addition, plaintiff's responses to defendants' Rule 9 interrogatories state that all of the expert witnesses who reviewed the medical care rendered by defendants did so in January or February 2003, well after the filing of the initial complaint in March 2002. Thus, there was no expert review prior to the commencement of the original action, which our Supreme Court has held would be contrary to the legislature's intent in enacting Rule 9(j). *See Thigpen*, 355 N.C. at 203-04, 558 S.E.2d at 166 ("The legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s requirement of expert certification prior to the filing of a complaint.").

The effects of a Rule 41(a) voluntary dismissal are well-settled in our state. " 'A Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case, except as provided by Rule 41(d)[,] which authorizes the court to enter specific orders appor-

**ESTATE OF BARKSDALE v. DUKE UNIV. MED. CTR.**

[175 N.C. App. 102 (2005)]

tioning and taxing costs.' " *Brisson*, 351 N.C. at 593, 528 S.E.2d at 570 (quoting *Walker Frames v. Shively*, 123 N.C. App. 643, 646, 473 S.E.2d 776, 778 (1996)). A Rule 41(a) voluntary dismissal " 'leave[s] the plaintiff exactly where he [or she] was before the action was commenced.' " *Id.* (quoting *Gibbs v. Carolina Power & Light Co.*, 265 N.C. 459, 464, 144 S.E.2d 393, 398 (1965)). Once a court has granted a Rule 41(a) dismissal, " '[t]here is nothing the defendant can do to fan the ashes of that action into life[,] and the court has no role to play.' " *Id.* (quoting *Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 18 n.4 (1st Cir. 1985)).

When plaintiff took her voluntary dismissal in December 2002, she was left in the same position she would have been in had she never commenced the civil action in the first place. She would have been left with the remaining portion of the statute of limitations with regards to her claims against Duke defendants. However, at the point at which she took the voluntary dismissal, the statute of limitations, along with any potential 120-day extension, had run with respect to her claims against Broadhead defendants and defendant Douglas-Lewis. In addition, her original complaint was not properly filed, as it failed to comply with Rule 9(j), and thus it did not suffice to toll the statute of limitations with regards to any of her claims.

Therefore, based on the precedents in *Brisson* and *Bass*, we hold that since plaintiff failed to file a complaint in compliance with the requirements of Rule 9(j) within the prescribed statute of limitations, or within the time which would have been allowed had a 120-day extension been sought, plaintiff's complaint filed 18 November 2003 was not timely filed. Thus the trial court acted properly in granting defendants' motions to dismiss.

[2] Plaintiff also asserts that at the time the original complaint was filed in March 2002, it was not required to comply with Rule 9(j) based on our holding in *Anderson v. Assimos*, 146 N.C. App. 339, 553 S.E.2d 63 (2001), *vacated in part and appeal dismissed*, 356 N.C. 415, 572 S.E.2d 101 (2002), and therefore the original complaint should be found to have been timely filed such that the statute of limitations was tolled.

Our opinion in *Anderson v. Assimos*, filed 2 October 2001, held that Rule 9(j) was unconstitutional and void, and therefore plaintiffs were not obligated to meet the pleading requirements of Rule 9(j). *Anderson*, 146 N.C. App. at 346, 553 S.E.2d at 69. On 22 November 2002, the Supreme Court vacated our ruling in *Anderson*, to the

extent that we concluded Rule 9(j) was unconstitutional. *Anderson*, 356 N.C. at 417, 572 S.E.2d at 103. Our original ruling in *Anderson* was controlling in plaintiff's case at the time the original complaint was filed, however, so plaintiff was not required to comply with Rule 9(j) at that time. However, the Supreme Court's decision was filed prior to plaintiff's taking a voluntary dismissal on 9 December 2002. Once the Supreme Court's decision became controlling, plaintiff was required to comply with the Rule 9(j) requirements, and had the opportunity to amend its complaint to include the Rule 9(j) certification, and to have the amendment relate back to the original filing date. *See Rupe v. Hucks-Follis*, 170 N.C. App. 188, 611 S.E.2d 867 (2005). Plaintiff failed to do so. We therefore do not find plaintiff's argument to be persuasive, and hold that plaintiff was required to comply with the Rule 9(j) certification requirement.

Because we find plaintiff's complaint filed 18 November 2003 was not timely filed within the applicable statute of limitations, we hold the trial court did not err in dismissing plaintiff's claims pursuant to Rule 12(b)(6).

Affirmed.

Judges McGEE and McCULLOUGH concur.