BERGER, Judge, concurring in part and dissenting in part.
Plaintiff failed to comply with Rule 4 of the North Carolina Rules of Civil Procedure when she failed to serve her summons and complaint on Defendant Southeastern Regional Medical Center ("Southeastern") through a person authorized by law. Therefore, I concur with the majority that the trial court did not err when it granted Southeastern's *466 motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of service of process.
However, Plaintiff pleaded a claim of medical malpractice by a healthcare provider in her complaint, not a claim of ordinary negligence as asserted by the majority. Because this was a medical malpractice claim, Plaintiff did not comply with pleading requirements when she failed to allege that "all medical records pertaining to the alleged negligence ... have been reviewed" as required by Rule 9(j). Because the amendment of a complaint for medical malpractice to correct a deficient Rule 9(j) certification is improper and does not relate back to the date of filing the complaint, the trial court did not err in denying Plaintiff's motion to amend which was filed after the statute of limitations had expired. In dismissing Plaintiff's complaint, the trial court did not err, as stated in the majority's opinion, and I must respectfully dissent.
On July 30, 2015, Plaintiff filed a complaint for damages and punitive damages in Robeson County Superior Court alleging medical malpractice by Defendants in that:
(a) Defendant Cummings ("Dr. Cummings"), is a physician practicing in the fields of internal medicine, cardiology, and cardiovascular surgery, and he treated Plaintiff and had a responsibility to treat Plaintiff;
(b) Dr. Cummings "held himself out to possess the special skills and knowledge possessed by other physicians practicing in the specialized field of internal medicine, cardiology, and cardiovascular surgery [;] and held himself out to possess the special skills and knowledge possessed by other physicians practicing in the specialized field of internal medicine, cardiology, and cardiovascular surgery in his locality or other similar localities with the same training and experience."
(c) On July 31, 2012, Dr. Cummings, with the assistance of nurses and staff of Southeastern Regional Medical Center ("Southeastern"), performed cardiovascular surgery on Plaintiff, and during the surgery, Plaintiff suffered injuries when she "was allowed to fall off the operating room table while Plaintiff was opened up and had surgical tools in her."
(d) "[T]he medical care rendered to Plaintiff fell below the applicable standard of care."
(e) Defendants were negligent in failing to comply with the standard of care set forth in Article 1B of the North Carolina *467 General Statutes, entitled "Medical Malpractice Actions", Section 90-21.12, "Standard of health care";
(f) Dr. Cummings failed to use his "best professional judgment and skill while operating on the Plaintiff"; failed "to properly control Plaintiff's body during the surgery"; failed "to properly monitor Plaintiff's body during surgery"; was distracted; was not properly positioned during surgery; did not properly supervise or direct nurses and staff regarding proper positioning; and failed "to use good judgment, reasonable skill, *353 and diligence in the treatment of Plaintiff[.]"
(g) The remaining Defendants were directly and vicariously liable for negligent employment and/or retention of health care professionals and their actions in this matter.
(h) Plaintiff further alleged that the professional medical care and treatment provided by Defendants was reviewed by an individual "reasonably expected to qualify" and that "Plaintiff will seek to have qualified by an expert witness ..., and who is willing to testify that the medical care rendered to Plaintiff fell below the applicable standard of care."
Plaintiff's complaint was a malpractice action, defined as either:
a. A civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider.
b. A civil action against a hospital, a nursing home licensed under Chapter 131E of the General Statutes, or an adult care home licensed under Chapter 131D of the General Statutes for damages for personal injury or death, when the civil action (i) alleges a breach of administrative or corporate duties to the patient, including, but not limited to, allegations of negligent credentialing or negligent monitoring and supervision and (ii) arises from the same facts or circumstances as a claim under sub-subdivision a. of this subdivision.
N.C. Gen. Stat. § 90-21.11(2)(a) and (b) (2015).
Plaintiff, throughout her complaint, asserted that Dr. Cummings, Southeastern, Duke University Health System, and Duke University Affiliated Physicians, Inc. had provided professional medical services *468 to Plaintiff. She further alleged that Dr. Cummings, while "acting in the course and scope of his employment," utilized his professional skill and judgment in operating on Plaintiff, and in doing so, failed to position himself to properly control and monitor Plaintiff's body. Plaintiff further asserted that Dr. Cummings failed to properly supervise other health care professionals during the operation.
Plaintiff's complaint alleges that each Defendant violated the standard of care set forth in N.C. Gen. Stat. § 90-21.12. Subparagraph (a) of that statute reads as follows:
Except as provided in subsection (b) of this section, in any medical malpractice action as defined in G.S. 90-21.11(2)(a), the defendant health care provider shall not be liable for the payment of damages unless the trier of fact finds by the greater weight of the evidence that the care of such health care provider was not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities under the same or similar circumstances at the time of the alleged act giving rise to the cause of action; or in the case of a medical malpractice action as defined in G.S. 90-21.11(2)(b), the defendant health care provider shall not be liable for the payment of damages unless the trier of fact finds by the greater weight of the evidence that the action or inaction of such health care provider was not in accordance with the standards of practice among similar health care providers situated in the same or similar communities under the same or similar circumstances at the time of the alleged act giving rise to the cause of action.
N.C. Gen. Stat. § 90-21.12(a) (emphasis added).
Plaintiff's brief acknowledges that her complaint was one for medical malpractice. In her Statement of the Case, Plaintiff states, "Marjorie Locklear ("Plaintiff" or "Locklear") commenced this medical malpractice action on 30 July 2015." (emphasis added). Plaintiff's brief also focuses on Rule 9(j) certification, which is only applicable to medical malpractice claims.
Plaintiff does not argue that this is an action for ordinary negligence as the majority has found; thus, this argument should be deemed abandoned. " 'It is not the duty of this Court to supplement an appellant's *469 brief *354 with legal authority or arguments not contained therein. These arguments are deemed abandoned by virtue of [Rule 28(b)(6) of the North Carolina Appellate Procedures].' " Sanchez v. Cobblestone Homeowners Ass'n of Clayton, Inc ., --- N.C.App. ----, ----, 791 S.E.2d 238, 245 (2016) (citation and brackets omitted).
The majority cites to the unpublished opinion Alston , wherein this Court held the decedent's injuries from falling off a gurney in an operating room sounded in ordinary negligence and not medical malpractice. Alston v. Granville Health Sys ., 207 N.C.App. 264, 699 S.E.2d 478 (2010), aff'd , 221 N.C.App. 416, 727 S.E.2d 877 (2012) (unpublished). This Court held the "[p]laintiff's sole cause of action [wa]s for ordinary negligence under a theory of res ipsa loquitur ," and did not require compliance with Rule 9(j). Id . Further, "[b]ecause [p]laintiff herein elected to proceed solely on a res ipsa loquitur theory, [p]laintiff is bound by that theory." Id .
The transfer of a patient from the operating table to a gurney before or after surgery, as in Alston , is "primarily manual or physical and ... d[oes] not involve a medical assessment or clinical judgment." Gause v. New Hanover Regional Medical Center , --- N.C.App. ----, ----, 795 S.E.2d 411, 415 (2016).
Conversely, in the case sub judice , Plaintiff alleged her injuries occurred from falling off of the operating table during the surgery. The positioning and controlling of Plaintiff's body while on the operating table, during active surgery, while Plaintiff's opened body contained surgical tools, required "clinical judgment and intellectual skill." Id . Thus, because Plaintiff's factual allegations sound in medical malpractice, and her complaint specifically alleges medical malpractice, Plaintiff is required to comply with Rule 9(j).
Further, converting Plaintiff's action into one for ordinary negligence would allow her to circumvent the requirement of expert certification for her medical malpractice complaint. The majority's finding that this is an action for ordinary negligence creates a loophole for Plaintiff after she improperly filed her medical malpractice claim. Plaintiff's witnesses for an ordinary negligence claim will still be testifying as to the proper positioning and monitoring of a body during cardiovascular surgery, and the witnesses who will be qualified to testify are the same doctors and nurses who would testify to the proper procedures during a cardiovascular surgery under a medical malpractice lawsuit. The majority's conversion of Plaintiff's medical malpractice action into an ordinary negligence action defeats the legislative intent of Rule 9(j).
*470 Turning to Plaintiff's arguments under Rule 9(j), they fail. In pertinent part, Rule 9(j) states that:
Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2) a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
(1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
(2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
...
Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court ... may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of *355 the motion and that the ends of justice would be served by an extension.
N.C. Gen. Stat. § 1A-1, Rule 9(j) (2015).
Thus, dismissal of a medical malpractice action is required unless the pleading requirements of Rule 9(j) are satisfied. Our Supreme Court held that:
Rule 9(j) clearly provides that "any complaint alleging medical malpractice ... shall be dismissed" if it does not *471 comply with the certification mandate ... [W]e find the inclusion of "shall be dismissed" in Rule 9(j) to be more than simply "a choice of grammatical construction." While other subsections of Rule 9 contain requirements for pleading special matters, no other subsection contains the mandatory language "shall be dismissed." This indicates that medical malpractice complaints have a distinct requirement of expert certification with which plaintiffs must comply. Such complaints will receive strict consideration by the trial judge. Failure to include the certification necessarily leads to dismissal.
Thigpen v. Ngo , 355 N.C. 198, 202, 558 S.E.2d 162, 165 (2002) (emphasis in original) (internal citations and brackets omitted). Here, Plaintiff provided proper certification regarding medical care and treatment , but failed to comply with Rule 9(j) as there was no allegation concerning review of medical records.
On January 11, 2016, Plaintiff in open court moved to amend the complaint pursuant to Rule 15(a) to comply with Rule 9(j). The trial court correctly denied this motion as it was made nearly six months after the statute of limitations had expired.
This Court previously held that " Rule 9(j) must be satisfied at the time of the complaint's filing." Alston v. Hueske , --- N.C.App. ----, ----, 781 S.E.2d 305, 309 (2016). In Hueske , as here, the plaintiff sought to amend her complaint to comply with the certification requirements of Rule 9(j). This Court noted that
[b]ecause the legislature has required strict compliance with this rule, our courts have ruled that if a pleader fails to properly plead his case in his complaint, it is subject to dismissal without the opportunity for the plaintiff to amend his complaint under Rule 15(a). To read Rule 15 in this manner would defeat the objective of Rule 9(j) which ... seeks to avoid the filing of frivolous medical malpractice claims.
Id ., at ----, 781 S.E.2d at 310 (emphasis in original) (internal citations and quotation marks omitted).
The title of Rule 9, 'Pleading special matters,' plainly signals the statute's tailoring to address distinct situations set out in the statute. [R]elation back is not available through Rule 15(c) of the North Carolina Rules of Civil Procedure *472 to comply with Rule 9(j).... Rule 9(j) mandates that any complaint which fails to comply with the certification requirement, "shall be dismissed ." ... [A] trial judge can dismiss with prejudice where a complaint does not contain the certification required by Rule 9(j) and the statute of limitations has expired.
Bass v. Durham Cty. Hosp. Corp. , 158 N.C.App. 217, 225, 580 S.E.2d 738, 743 (2003) (Tyson, J., dissenting) (internal citations and quotation marks omitted) (emphasis in original), rev'd for the reasons stated in the dissenting opinion , 358 N.C. 144, 592 S.E.2d 687 (2004). See also Thigpen v. Ngo , 355 N.C. 198, 205, 558 S.E.2d 162, 167 (2002) ("[W]e hold that once a party receives and exhausts the 120-day extension of time in order to comply with Rule 9(j) 's expert certification requirement, the party cannot amend a medical malpractice complaint to include expert certification."); Fintchre v. Duke University , 241 N.C.App. 232, 242, 773 S.E.2d 318, 325 (2015) ("[W]here plaintiff failed to file a complaint including a valid Rule 9(j) certification within the statute of limitations, granting plaintiff's motion to amend ... would have been futile....").
Such is the case here. Plaintiff alleged that her care and treatment occurred July 31, 2012, and she filed her action July 30, 2015, one day before the statute of limitations would expire. Plaintiff's medical malpractice complaint failed to include a required Rule 9(j) certification regarding review of medical records.
Plaintiff failed to seek amendment of her complaint until January 11, 2016, nearly six *356 months after the statute of limitations had expired, and 44 days beyond "[t]he 120-day extension of the statute of limitations available to medical malpractice plaintiffs by Rule 9(j) ... for the purpose of complying with Rule 9(j)." Bass at 225, 580 S.E.2d at 743 (citing N.C. Gen. Stat. § 1A-1, Rule 9(j) (2001) ). Allowing an amendment would have been futile, so it cannot be said that the trial court abused its discretion in denying that motion. Plaintiff failed to plead proper Rule 9(j) certification in her complaint before the statute of limitations expiration. If any complaint alleging medical malpractice shall be dismissed for failure to comply with the certification mandate of Rule 9(j), it cannot be said that the trial court erred in granting Defendants' motion to dismiss.